NICOLA T. HANNA
United States Attorney
BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division
RUTH C. PINKEL (Cal. Bar No. 164470)
Assistant United States Attorney
Public Corruption and Civil Rights Section
    1500 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-6077
    Facsimile: (213) 894-7631
    E-mail: ruth.pinkel@usdoj.gov

Attorneys for Applicant
UNITED STATES OF AMERICA

FILED
CLERK, U.S. DISTRICT COURT
04/21/2020
CENTRAL DISTRICT OF CALIFORNIA
BY: clo DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| IN RE: CRIMINAL COMPLAINT | No. 2:20-mj-01777 |
|---|---|
| | GOVERNMENT'S *EX PARTE* APPLICATION FOR ORDER SEALING DOCUMENTS; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF RUTH C. PINKEL |
| | **(UNDER SEAL)** |

    The government applies ex parte for an order directing that the arrest warrant, criminal complaint, the application for the criminal complaint and all attachments thereto, as well as this ex parte application, the memorandum of points and authorities, the declaration of Ruth C. Pinkel, and this Court's sealing order, and all documents subsequently filed under this same case number until such time as an unsealing order is issued, be kept under seal until further order of the Court, or until the government executes the arrest warrant, at which time they will automatically be unsealed and may be produced to defendant and defense counsel.

This ex parte application is based on the attached memorandum of points and authorities, the declaration of Ruth C. Pinkel, and the records and files in this case, including the application for criminal complaint and attachments thereto.

Dated: April 21, 2020

Respectfully submitted,

NICOLA T. HANNA
United States Attorney

BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division

/S/ Ruth C. Pinkel
_____
RUTH C PINKEL
Assistant United States Attorney
Public Corruption and Civil Rights Section

Attorneys for Applicant
UNITED STATES OF AMERICA

<u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

The government requests that this Court seal the arrest warrant, criminal complaint, and application for complaint, and all attachments thereto, as well as this <u>ex parte</u> application and all supporting documents, to maintain the integrity of its investigation. Approval from this Court to seal these documents is required under Local Rule 79-5.1. The Court of Appeals for the Ninth Circuit has held that district courts have the inherent power to seal affidavits in support of warrants. <u>In re Sealed Affidavit (Agosto)</u>, 600 F.2d 1256 (9th Cir. 1979) (per curiam) (holding that even aside from Federal Rule of Criminal Procedure 41 "courts have inherent power, as an incident of their constitutional function, to control papers filed with the courts within certain constitutional and other limitations"); <u>see also</u> <u>Offices of Lakeside Non-Ferrous Metals, Inc.</u>, 679 F.2d 778, 779-80 (9th Cir. 1982) (citing <u>Agosto</u>).

The Court of Appeals for the Seventh Circuit has rejected the proposition that pre-indictment disclosure of a search warrant affidavit is required under either constitutional principles or Federal Rule of Criminal Procedure 41. <u>In re EyeCare Physicians of America</u>, 100 F.3d 514 (7th Cir. 1996). In doing so, the Seventh Circuit held:

> By the very nature of a secret criminal investigation of this type, the target of an investigation more often than not remains unaware of the specific grounds upon which a warrant was issued. If preindictment disclosure of sealed warrant affidavits was required to satisfy due process (assuming there had been a predicate deprivation of life, liberty or property), the hands of law enforcement would be needlessly tied and investigations of criminal activity would be made unduly difficult if not impossible.

<u>Id.</u> at 517. <u>Accord</u> <u>In re Grand Jury Proceedings</u>, 115 F.3d 1240, 1247 (5th Cir. 1997).

1

Here, for the reasons described in the attached declaration, sealing is necessary to maintain the integrity of the government's investigation.  Accordingly, the government requests that the documents described in the attached declaration be kept under seal until further order of the Court, or until the government determines that these materials are subject to its discovery obligations in connection with criminal proceedings, at which time they may be produced to defense counsel.  The government also requests that the Court's order not limit its ability to provide copies of the complaint and warrant at the time the warrant is executed, as required by Federal Rule of Criminal Procedure 41(f).

**DECLARATION OF RUTH C. PINKEL**

I, Ruth C. Pinkel, declare as follows:

1. I am an Assistant United States Attorney in the United States Attorney's Office for the Central District of California. I represent the government in the investigation of this matter, in which the government has submitted an affidavit in support of a search warrant.

2. The arrest warrant in this case has not yet been executed. Public disclosure of the warrant and/or the information in the complaint and supporting affidavit, could cause the defendant to flee and/or could seriously jeopardize the safety of law enforcement, and the public, and law enforcement's ability to safely and properly arrest the defendant.

3. Accordingly, the government requests that the arrest warrant, criminal complaint, the application for the criminal complaint and all attachments thereto, as well as this ex parte application, the memorandum of points and authorities, this declaration, and this Court's sealing order, and all documents subsequently filed under this same case number until such time as a unsealing order is issued, be kept under seal until further order of the Court, or until the government determines that these materials are subject to its discovery obligations in connection with criminal proceedings, at which time they may be produced to defense counsel. The government also requests that the Court's order not limit its ability to provide copies of the warrant and complaint at the time the warrant is executed, as required by Federal Rule of Criminal Procedure 41(f).

1

1  I declare under penalty of perjury under the laws of the United
2 States of America that the foregoing is true and correct and that
3 this declaration is executed at Los Angeles, California, on April
4 21, 2020.

*S/ Ruth C. Pinkel*
RUTH C. PINKEL