STEVEN F. GRUEL, ESQ.
California Bar No. 213148
315 Montgomery Street, 10th Floor
San Francisco, CA 94104
Telephone: 415-989-1253
Facsimile: 415-449-3622
Email: attystevengruel@sbcglobal.net

Attorney for **Babak Broumand**

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>v.<br><br>BABAK BROUMAND,<br><br>　　　　Defendant. | Case No. 2:20-cr-00224-AB<br><br>**DEFENDANT BABAK BROUMAND'S REPLY TO THE GOVERNMENT'S OPPOSITION TO MODIFY CONDITIONS OF RELEASE TO PERMIT TRAVEL TO THE EASTERN DISTRICT OF CALIFORNIA** |

　The Defendant, Babak Broumand, by and through his counsel of record, Steven F. Gruel, hereby submits this REPLY TO THE GOVERNMENT'S OPPOSITION TO MODIFY CONDITIONS OF RELEASE TO PERMIT TRAVEL TO THE EASTERN DISTRICT OF CALIFORNIA.

### REPLY TO GOVERNMENT'S OPPOSITION

**A. The Prosecution Fails to Point to Any "Flight Risk" Concern**

　Whether "risk of flight" is created from the slight modification to permit travel to the Eastern District of California is the issue before the Court. Nothing advanced in the prosecution's

DEFENDANT BABAK BROUMAND'S REPLY TO THE GOVERNMENT'S OPPOSITION TO MODIFY CONDITIONS OF RELEASE TO PERMIT TRAVEL TO THE EASTERN DISTRICT OF CALIFORNIA

1

opposition supports, much less addresses, this single issue.[1]  Rather, the prosecution dodges the conclusion that this minor travel modification poses no concern of flight risk by pointing to a personal opinion that Mr. Broumand is a "disgraced" former FBI agent who has been indicted and merely wants to travel to his vacation home.  The prosecution, of course, fails to point to any law or facts which supports the prohibition that a defendant can not visit or maintain his properties while on pretrial release.[2]

To the contrary, Mr. Broumand is obviously obligated to adhere to the law as a standard condition of pretrial release.  State law requires that Mr. Broumand maintain his property in a manner to prevent hazards and fire. Allowing him to maintain his property, which is approximately 180 miles from his residence, in the manner required by California, simply poses no threat of risk of flight.  To the extent the prosecution implies that this responsibility to maintain *this property* is somehow contrived because Mr. Broumand's wife works for the company that issued the hazard report, attached is August 7, 2018, Notice of Defensible Space Inspection issued for this property by the California Department of Forestry and Fire Protection.[3] The Notice provided a check list of safety tasks associated with the property which required addressing.

---

[1]  The prosecution oddly refers to this request for a modification as an "appeal" of a detention order.  The prosecution is wrong.  Pretrial conditions of release are routinely modified, much like the prosecution's oral request for modifications at the last hearing regarding certain individuals Mr. Broumand is not to have any contact.

[2]  Attempts to label this travel modification to the Eastern District of California as somehow "waived" or "belated" are equally meritless. Conditions of pretrial release are many times subject to modification – as seen, for example, with the prosecution's changes at several court appearances as to its position as to the individuals Mr. Broumand is not to have contact during pretrial release – in one hearing the government first asked for this condition; then withdrew the condition in a subsequent statement to the Magistrate Judge Cousins; and, then modified and imposed the condition later before this Court.

[3]  The prosecution cannot claim the defense concealed the fact that Mr. Broumand's wife is employed at Property I.D. On March 2018, agent Michael Barranti served a subpoena on Mrs. Broumand at the Property I.D. Walnut Creek office; in the criminal complaint filed on 04/21/2020, page 22, footnote 13, the government states "she [Mrs. Broumand] has been employed full time as an attorney at a Real Estate Disclosure Company since approximately 1999;" and on June 4, 2020, the prosecution served a Grand Jury Subpoena on Property I.D. for Mrs. Broumand's employee file.

DEFENDANT BABAK BROUMAND'S REPLY TO THE GOVERNMENT'S OPPOSITION TO MODIFY CONDITIONS OF RELEASE TO PERMIT TRAVEL TO THE EASTERN DISTRICT OF CALIFORNIA

In short, Mr. Broumand owns a vacant residence located in an area which mandates upkeep and maintenance. Allowing him to travel, attend and spend time at his property poses absolutely no flight risk.

### B. Pretrial Service Officers From Both Districts Concur That Travel May Include the Eastern District of California

Two Pretrial Service Officers from the two relevant districts have no objection to this modification that permits travel to Mr. Broumand's property in Placer County. Officer Carolyn Troung directly supervises Mr. Broumand. She informed defense counsel that she has no objection to this request. Likewise, Ms. Troung further informed defense counsel that she spoke with Officer Miguel Salinas from Pretrial Services in the Central District of California, and he too does not have any objections to the request.[4]

Mr. Broumand has complied with all conditions of release – i.e. his passport has been surrendered to pretrial services; his house fully secures the $400,000 bond; and all firearms provided to a third party for safe keeping. Pretrial Services has no objection to permit Mr. Broumand's travel to his other property in Placer County.

### C. The Prosecution's Reliance On A Notorious Con-Artist

In opposing the travel modification, the prosecution spends time calling Mr. Broumand a disgraced FBI agent who violated his responsibility to the community. Missing from this irrelevant attack, however, is the fact that the prosecution's claim stems solely from a known con-artist. Indeed, as the Court may recall from the preliminary hearing, the prosecution's sole witness of alleged bribery in this case is an individual who has been involved in a massive credit card fraud scheme involving over $1,000,000, numerous instances of identity theft of visas belonging to

---

[4] In fact, defense counsel understands that if a defendant is released on conditions in the Central District of California, that that defendant can travel throughout the United States without Court approval provided that the pretrial services officer is aware of and approves this travel. Here, because Mr. Broumand is supervised in the NDCA where Court approval is more readily required, actually more is being done than that required in the CDCA.

DEFENDANT BABAK BROUMAND'S REPLY TO THE GOVERNMENT'S OPPOSITION TO MODIFY CONDITIONS OF RELEASE TO PERMIT TRAVEL TO THE EASTERN DISTRICT OF CALIFORNIA

3

others, and at least 8 financial institutions.  This person, who has likely been involved in significant federal campaign finance fraud, has also admitted to lying to the investigators in this case.  The federal charges against this "witness" and his plea agreement with the government were filed on April 27, 2020.  *See 2:20-cr-00190-RGK; Information (Dkt #1) and Plea Agreement (Dkt #8).*

The government's reliance on its sole witness for allegations that Mr. Broumand is a person of bad character was made and considered at the detention hearing before Magistrate Judge Cousins.  There too the defense proffered the complete lack of credibility found at the core of the government's allegations.

### D.  Recommendation Regarding Travel to the Eastern District of California

If deemed necessary, Mr. Broumand recommends that before he takes any trip to his property in Placer County, he first notify and obtain the authorization of his pretrial officer.  Upon discussion with pretrial services, such notification and authorization can include the length of time permitted to stay at the Placer County property for each trip and a check-in upon his return home.

### CONCLUSION

This travel within California is necessary to attend and maintain a vacant home located at 3275 West Lake, Blvd., Homewood, CA (Placer County).  The assigned pretrial service officers consider that this proposed travel presents no threat of flight.  Therefore, for the foregoing reasons, this Court should modify Mr. Broumand's travel restrictions to permit his travel to include the Eastern District of California.

Respectfully submitted,

Dated: June 19, 2020            By:    /s/ Steven F. Gruel
                                       STEVEN F. GRUEL, ESQ.
                                       Attorney for **BABAK BROUMAND**

DEFENDANT BABAK BROUMAND'S REPLY TO THE GOVERNMENT'S OPPOSITION TO MODIFY CONDITIONS OF RELEASE TO PERMIT TRAVEL TO THE EASTERN DISTRICT OF CALIFORNIA

4