STEVEN F. GRUEL, ESQ.
California Bar No. 213148
315 Montgomery Street, 10th Floor
San Francisco, CA 94104
Telephone: 415-533-6973
Facsimile: 415-449-3622
Email: attystevengruel@sbcglobal.net

Attorney for Babak Broumand

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>v.<br><br><br>BABAK BROUMAND,<br><br>　　　　Defendant. | Case No. CR-20-224-RGK<br><br><br>**DEFENDANT BABAK BROUMAND'S NOTICE OF MOTION AND MOTION FOR NOTICE OF THE GOVERNMENT'S INTENT TO USE AND DISCLOSURE OF EVIDENCE ACCORDING TO EVIDENCE RULE 404(b)(3)(A) & (B); and SUPPORTING DECLARATION OF STEVEN F. GRUEL**<br><br>**HONORABLE R. GARY KLAUSNER**<br><br>ROYBAL FEDERAL BUILDING: Courtroom #850 on November 15, 2021 @ 1:30 p.m. |

**TO: ACTING UNITED STATES ATTORNEY TRACY L. WILKISON AND ASSISTANT UNITED STATES ATTORNEY RUTH C. PINKEL:**

**PLEASE TAKE NOTICE** that on November 15, 2021, at 1:30 p.m. or as soon thereafter as counsel may be heard, in the courtroom of the Honorable R. Gary Klausner, United States District Judge, defendant Babak Broumand will bring for hearing the following motion:

**MOTION**

The Defendant, Babak Broumand, by and through his counsel of record, Steven F. Gruel, hereby moves this Honorable Court for an order granting DEFENDANT BABAK BROUMAND'S NOTICE OF MOTION AND MOTION FOR NOTICE OF THE GOVERNMENT'S INTENT TO USE AND DISCLOSURE OF EVIDENCE ACCORDING TO RULE 404(b)(3)(A) & (B).

This motion is made pursuant to the United States Constitution; the Federal Rules of Evidence, the Federal Rules of Criminal Procedure, case law; the attached memorandum of point and authorities, any accompanying declarations and exhibits; the pleadings and records on file in this matter; and upon such evidence and argument which may be presented to the Honorable Court prior to and at the hearing on this motion.

Respectfully submitted,

Dated: October 18, 2021            By:  /s/ Steven F. Gruel
                                    STEVEN F. GRUEL, ESQ.
                                    Attorney for BABAK BROUMAND

*DEFENDANT BABAK BROUMAND'S NOTICE OF MOTION AND MOTION FOR NOTICE OF
THE GOVERNMENT'S INTENT TO USE AND DISCLOSURE OF EVIDENCE ACCORDING TO RULE 404(B)(3)(A) & (B)*

2

**MOTION FOR WRITTEN NOTICE OF RULE 404(b) EVIDENCE**

**INTRODUCTION**

Babak Broumand served as an FBI Special Agent from 1999 to 2019. Mr. Broumand was responsible for national security investigations and, consequently, was involved in recruiting people to serve as sources of intelligence.

On December 5, 2018, the FBI raided Mr. Broumand's home and the two business he and his wife operated. Sixteen months later, on April 24, 2020, Mr. Broumand was arrested on a criminal complaint alleging conspiracy to engage in acts of bribery. The government's sole witness (Individual A) for this assertion is a disbarred lawyer who not only associated with a major organized crime leader, but also engaged in a massive bank fraud stealing numerous identities and defrauding numerous banks. While using his law firm to engage in bank fraud, Individual A was also involved in the distribution of drugs.

After Mr. Broumand's arrest, there has been a preliminary hearing, an Indictment and a First Superseding Indictment. The defense and government have had ongoing communication regarding discovery. To date, approximately 97,000 pages of discovery plus pole camera videos have been provided by the prosecution in a stream of 12 productions.

On May 27, 2020, in its First Discovery Letter, the defense requested ". . . immediate disclosure of any Rule 404(b) evidence of other 'bad acts' which the government may seek to introduce at trial." On March 15, 2021, the defense again renewed its request for notice of the government's intent to use Rule 404(b) evidence at trial.

However, while the government has responded to the defense request for notice under Rule 404(b), the response remains vague and falls well short of the requirements of the Rule. For instance, often included in the letter that accompanies each discovery production, the government

*DEFENDANT BABAK BROUMAND'S NOTICE OF MOTION AND MOTION FOR NOTICE OF*
*THE GOVERNMENT'S INTENT TO USE AND DISCLOSURE OF EVIDENCE ACCORDING TO RULE 404(B)(3)(A) & (B)*

3

would recite that it gives notice " . . . that it may seek to introduce the other crimes, wrongs or acts committed by your clients which are referenced in the enclosed items pursuant . . ." to Rule 404(b).  In more recent discovery letters, along with the above described boilerplate reference about the generalized "enclosed items" as being possible 404(b) evidence, the government added that it may introduce "evidence of other improper database searches and other acts in furtherance of the conspiracy, that Mr. Broumand improperly used FBI resources for his personal purposes including (1) attempts to set up credit card processing with or using contacts with Brandon Becker and Claude Flouty; and (2) defendant's use/misuse of FBI source information and information to attempt to obtain from Africa cash purportedly belonging to Muammar Gaddafi."

The government's generalized content of its notice of the proffered Rule 404(b) evidence fails to comport with the clear statutory requirements of the evidentiary Rule.  Consequently, the defense brings this motion to for a Court order requiring the government to fully identity what evidence, if any, that the government intends to offer in accordance with Rule 404(b) in order to avoid surprise at trial and to afford the defense the ability to timely contest the admissibility of such evidence.

## LAW AND ARGUMENT

In order to prepare for pretrial motions and trial, Mr. Broumand requests the immediate disclosure of all evidence which the government believes is admissible pursuant to Rule 404(b)(3)(A) & (B) of the Federal Rules of Evidence. Moreover, Mr. Broumand requests full disclosure of any and all "bad acts" evidence not specifically charged or included in the above described First Superseding Indictment which the government nonetheless considers to be exempt from Rule 404(b) disclose on the prosecution claim such evidence is "intertwined" with the government's theory of the case.  The government's obligation is clear in that Federal Rule of Evidence Rule 404(b)(3)(A) and (B):

1    ***(3) Notice in a Criminal Case. In a criminal case, the prosecutor must:***

2    ***(A) provide reasonable notice of any such evidence that the prosecutor intends to offer at trial, so that the defendant has a fair opportunity to meet it;***

3

4    ***(B) articulate in the notice the permitted purpose for which the prosecutor intends to offer the evidence and the reasoning that supports the purpose; and***

5    ***(C) do so in writing before trial — or in any form during trial if the court, for good cause, excuses lack of pretrial notice.***

6

7    The above notice requirements were amended in December 2020. As amended, Rule

8    404(b)(3)(B) provides that the Government must "articulate in the notice the permitted purpose for

9    which the prosecutor intends to offer the evidence and the reasoning that supports the purpose." The

10   advisory committee notes clarify that "[t]he prosecution must not only identify the evidence that it

11   intends to offer pursuant to the rule but also articulate a non-propensity purpose for which the

12   evidence is offered and the basis for concluding that the evidence is relevant in light of this

13   purpose." Fed. R. Evid. 404, *Advisory Committee's Note to 2020 Amendment*. This amendment was

14   intended to combat the mistaken understanding by some courts that the Government could "satisfy

15   the notice obligation without describing the specific act that the evidence would tend to prove, and

16   without explaining the relevance of the evidence for a non-propensity purpose." *Id*. Therefore,

17   Defendant is entitled to notice containing descriptions of the specific "bad acts" the Government's

18   evidence would tend to prove, as well as the purpose for their admission.

19   Extrinsic evidence subject to Rule 404(b)'s notice requirements should be excluded unless the

20   Government can establish good cause justifying its failure to provide notice. See Fed. R. Evid.

21   404(b)(3)(C).

22   Here, notwithstanding Mr. Broumand's repeated requests for notice of Rule 404(b) evidence, the

23   prosecution has simply provided vague references to that which it considers as possible Rule 404(b)

24   evidence. Further, the government offers no clear indication of what "bad acts" evidence it considers

25

*DEFENDANT BABAK BROUMAND'S NOTICE OF MOTION AND MOTION FOR NOTICE OF THE GOVERNMENT'S INTENT TO USE AND DISCLOSURE OF EVIDENCE ACCORDING TO RULE 404(B)(3)(A) & (B)*

5

inapplicable to preclusion under Rule 404(b) as evidence "inextricably intertwined" with the charged conduct. The government's notice of the introduction of "evidence of other improper database searches and other acts in furtherance of the conspiracy," that "Mr. Broumand improperly used FBI resources for his personal purposes including (1) attempts to set up credit card processing with or using contacts with Brandon Becker and Claude Flouty; and (2) defendant's use/misuse of FBI source information and information to attempt to obtain from Africa cash purportedly belonging to Muammar Gaddafi" fails in that this is equally lacking the specificity required by the Rule.

Indeed, the government has made no effort whatsoever to satisfy the Rule's second and third prongs mandating that the government, in writing, "articulate in the notice the permitted purpose for which the prosecutor intends to offer the evidence and the reasoning that supports the purpose." This has not been done in this case.

In short, the prosecution cannot take the easy approach claiming that anything it has produced could potentially be introduced at trial as admissible Rule 404(b) "other crimes or bad acts" evidence or are somehow "extrinsically intertwined" with the charged conduct. Rather, according to the clear language of Evidence Rule 404(b), the prosecution must, in writing, give reasonable notice of this evidence and additionally articulate its purpose. Also, other crime or bad act evidence claimed to be intertwined with the charged conduct must be disclosed so the defense can weigh whether to move this Court to exclude this evidence if its probative value is substantially outweighed by the danger of unfair prejudice under Federal Rule of Evidence 403. *United States v. Romero*, 282 F.3d 683, 688 (9th Cir. 2002).

## CONCLUSION

For the foregoing reasons, in accordance with Rule 404(b), this Court should order that the prosecution disclose what it intends to offer at trial which constitutes 404(b) evidence and the purpose for such evidence. Further, the Court should order that the government identify any "bad

*DEFENDANT BABAK BROUMAND'S NOTICE OF MOTION AND MOTION FOR NOTICE OF
THE GOVERNMENT'S INTENT TO USE AND DISCLOSURE OF EVIDENCE ACCORDING TO RULE 404(B)(3)(A) & (B)*

6

acts" evidence it considers to be not precluded from admissibility by Rule 404 as evidence "extrinsically intertwined" with the charged conduct.

                                        Respectfully submitted,

Dated: October 18, 2021                  By: /s/ Steven F. Gruel_____
                                                    STEVEN F. GRUEL, ESQ.
                                                    Attorney for **BABAK BROUMAND**

*DEFENDANT BABAK BROUMAND'S NOTICE OF MOTION AND MOTION FOR NOTICE OF THE GOVERNMENT'S INTENT TO USE AND DISCLOSURE OF EVIDENCE ACCORDING TO RULE 404(B)(3)(A) & (B)*

7

**DECLARATION OF STEVEN F. GRUEL**

I, Steven F. Gruel, under penalty of perjury, declare and state as follows:

1. I am an attorney licensed to practice law in California. I have practiced law since 1985. From 1987 to 2005, I served with the United States Justice Department. From 1989 to 2005, I served as an Assistant United States Attorney in the Criminal Division of the United States Attorney's Office in the Northern District of California (USAO). My tenure at the USAO included serving as Chief of the Major Crimes Section and Acting Chief of the Organized Crime Strike Force.

2. I represent defendant Babak Broumand in the above captioned matter. Mr. Broumand served as an FBI Special Agent from 1999 to 2019.

3. On December 5, 2018 the FBI conducted a search warrant of Mr. Broumand's home and two business locations. On April 24, 2020, Mr. Broumand was arrested by the FBI pursuant to a criminal complaint. Since his arrest, I have exchanged emails and letters with the prosecutor assigned to this case requesting discovery from the government. To date, the government has produced discovery on 12 occasions totaling over 97,000 Bates Numbered pages of materials as well as numerous pole camera videos. The last discovery production was on October 6, 2021.

4. Since May 27, 2020, in my First Discovery Letter, the defense has requested ". . . immediate disclosure of any Rule 404(b) evidence of other 'bad acts' which the government may seek to introduce at trial." On March 15, 2021, I again renewed its request for notice of the government's intent to use Rule 404(b) evidence at trial.

5. While the government has responded to the defense request for notice under Rule 404(b), I believe that the response falls well short of requirements of the Rule. For instance, included in the usual government letter that accompanies a discovery production, the government recites " . . . that

it may seek to introduce the other crimes, wrongs or acts committed by your clients which are referenced in the enclosed items pursuant . . ." to Rule 404(b). In other recent discovery letters, along with the boilerplate reference about the generalized "enclosed items" as being possible 404(b) evidence, the government stated it may introduce "evidence of other improper database searches and other acts in furtherance of the conspiracy," that Mr. Broumand improperly used FBI resources for his personal purposes including (1) attempts to set up credit card processing with or using contacts with Brandon Becker and Claude Flouty; and (2) defendant's use/misuse of FBI source information and information to attempt to obtain from Africa cash purportedly belonging to Muammar Gaddafi."

6. The government has not yet identified any other "crime or bad acts" evidence it believes to be admissible at trial because it is believed to be "extrinsically intertwined" with the alleged criminal conduct. This evidence needs to be identified in order to weigh whether to oppose introduction of this evidence in accordance with Evidence Rule 403.

7. I do not believe that the government in its Rule 404(b) disclosures has provided reasonable notice of any such evidence that it intends to offer at trial so that Mr. Broumand may have a fair opportunity to contest it; nor has the prosecution articulated, in writing, in any notice the permitted purpose for which the prosecutor intends to offer the Rule 404(b) evidence and the reasoning that supports the purpose.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct, and that this declaration is executed this 18th day of October 2021, in San Francisco, California.

　　　　　　　　　　　　　　　　　　　　　　　/Steven F. Gruel
　　　　　　　　　　　　　　　　　　　　　　　STEVEN F. GRUEL

*Declaration of Steven F. Gruel*

2