STEVEN F. GRUEL, ESQ.
California Bar No. 213148
315 Montgomery Street, 10th Floor
San Francisco, CA 94104
Telephone: 415-533-6973
Facsimile: 415-449-3622
Email: attystevengruel@sbcglobal.net

Attorney for Babak Broumand

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No.: CR-20-224-RGK |
|---|---|
| Plaintiff, | |
| vs. | **DEFENDANT BABAK BROUMAND'S NOTICE OF MOTION AND MOTION PURSUANT TO FEDERAL RULES 12(b)(3)(b)(v) TO DISMISS COUNT 2 OF THE FIRST SUPERSEDING INDICTMENT: (1) VIOLATION OF THE STATUTE OF LIMITATIONS; and (2) FAILURE TO STATE AN OFFENSE** |
| BABAK BROUMAND, | |
| Defendant | |
| | **HONORABLE R. GARY KLAUSNER** |
| | **ROYBAL FEDERAL BUIDLING;** |

**TO: ACTING UNITED STATES ATTORNEY TRACEY L. WILKISON AND ASSISTANT UNITED STATES ATTORNEY RUTH C. PINKEL:**

**PLEASE TAKE NOTICE** that on November 15, 2021, at 1:30 p.m. or as soon thereafter as counsel may be heard, in the courtroom of the Honorable R. Gary Klausner, United States District Judge, defendant Babak Broumand will bring for hearing the following motions:

**MOTIONS**

The Defendant, Babak Broumand, by and through his counsel of record, Steven F. Gruel, hereby moves this Honorable Court for an order granting DEFENDANT BABAK BROUMAND'S NOTICE OF MOTION AND MOTION PURSUSANT TO FEDERAL RULES 12(b)(3)(B)(v) TO DISMISS COUNT 2 OF THE FIRST SUPERSEDING INDICTMENT: (1) VIOLATION OF THE STATUTE OF LIMITATIONS; and (2) FAILURE TO STATE AN OFFENSE.

This motion is made pursuant to the United States Constitution; the Federal Rules of Criminal Procedure, subsequent case law; the attached memorandum of point and authorities, any accompanying declarations and exhibits; the pleadings and records on file in this matter; and upon such evidence and argument which may be presented to the Honorable Court prior to and at the hearing on this motion.

Respectfully submitted,

Dated: October 18, 2021

By: _/s/ Steven F. Gruel_
STEVEN F. GRUEL, ESQ.
Attorney for BABAK BROUMAND

## OBJECTIONS TO THE FIRST SUPERSEDING INDICTMENT

## INTRODUCTION

Babak Broumand served as an FBI Special Agent from 1999 to 2019.  Mr. Broumand was responsible for national security investigations and, consequently, was involved in recruiting people to serve as sources of intelligence.  FBI agent Broumand worked with other national security agencies and received recognition for his outstanding work.

On December 5, 2018, federal law enforcement raided Mr. Broumand's home and two business locations operated by him and his wife.  Among other allegations, the search warrant was predicated on the bribery claims currently before this Court.  Sixteen months later, on April 24, 2020, Mr. Broumand was arrested on a federal criminal complaint alleging conspiracy to engage in acts of bribery[1].  On June 30, 2021, the prosecution filed its 6 count First Superseding Indictment against Mr. Broumand.

The government's sole witness (Individual A) for this bribery claim is a disbarred lawyer who was a close associate of an organized crime leader named Levon Termendzhyan, who was recently convicted in federal court in Utah for involvement in an international fraud scheme of nearly a billion dollars.  Meanwhile, Individual A, likewise, had his own massive long running fraud scheme, stealing numerous identities of foreign students and then using

---

[1]  Discovery in this case indicates that the government began its investigation in this case as far back as July 2016.

*DEFENDANT BABAK BROUMAND'S NOTICE OF MOTION AND MOTION PURSUANT TO FEDERAL RULES 12(B)(3)(B)(V) TO DISMISS COUNT 2 OF THE FIRST SUPERSEDING INDICTMENT: (1) VIOLATION OF THE STATUTE OF LIMITATIONS; AND (2) FAILURE TO STATE AN OFFENSE*

3

those stolen identities to defraud at eight banks of at least a million dollars, Individual A used

the numerous companies he created, including his law firm, to conduct his fraudulent schemes.

Facing numerous federal charges now before this Court, Individual A claims that in 2015 to

2016 he gave Mr. Broumand money or things of value in exchange for the latter accessing law

enforcement data bases to acquire and share protected information.  Individual A serves as the

core of the government's case.

   This motion focuses on just Count 2 of the First Superseding Indictment which charges

that Individual A purchased a Ducati motorcycle and accessories for Mr. Broumand on or

about April 29, 2015 in exchange for a data base inquiry regarding a member of an unidentified

Qatar Royal Family Member (QRFM).  The government first indicted this charge on June 12,

2020, well beyond the 5-year statute of limitations required in Title 18, United States Code,

Section 3282(a).  Consequently, as argued below, this count must be dismissed.

   Second, assuming that Count 2 survives a statute of limitations challenge, it nonetheless

must be dismissed for failure to state a claim.  Indeed, although there has been extensive

discovery in this case and to date exceeds 97,000 pages from the government's stream of 12

productions, there is absolutely nothing that supports or shows that Mr. Broumand accessed

any data base regarding the QRFM as the necessary "quid pro quo" for the Ducati motorcycle.

On March 18, 2021, in response to a specific request for any evidence that Ducati induced a

data base inquiry regarding the QRFM, the prosecution admitted that "no searches have been

located."   In fact, FBI Special Agent Michael Torbic, in his April 21, 2020, affidavit for the

criminal complaint used to arrest Mr. Broumand, admitted that no QRFM data base search

claimed by Individual A was located.  This lack of crucial evidence is not only insightful into Individual A's lack of credibility, but also substantiates that a necessary element of the charged conduct in count 2 cannot be proven beyond a reasonable doubt.  Thus, count 2 of the First Superseding Indictment must be dismissed.

<u>Procedural History of the Case</u>[2]

On April 21, 2020, Magistrate-Judge Gail J. Standish approved the Central District's Criminal Complaint alleging conspiracy to commit bribery of a public official.  On April 24, 2020, Mr. Broumand was arrested in the Northern District of California.  On April 27, 2021, he was arraigned on the complaint. On the government's motion, Mr. Broumand remained in custody until May 30, 2020, when the Court denied the prosecution's request for detention and ordered conditions for Mr. Broumand's release.

As the defense worked to prepare for the upcoming May 30, 2020, detention hearing, the government, meanwhile, filed a one count information in the Central District charging Mr. Broumand with bribery based on the allegations in the criminal complaint involving the Ducati motorcycle. The single count Information was not sworn under penalty of perjury before a Magistrate Judge; neither does it contain a probable statement supporting "bare-bones" charge. Notwithstanding that the criminal case was initiated with the criminal complaint, followed by

---

[2]  The facts in this section are predicated on the attached Declaration of Steven F. Gruel as well as from the review of PACER for the Central District of California.

*DEFENDANT BABAK BROUMAND'S NOTICE OF MOTION AND MOTION PURSUANT TO FEDERAL RULES 12(B)(3)(B)(V) TO DISMISS COUNT 2 OF THE FIRST SUPERSEDING INDICTMENT: (1) VIOLATION OF THE STATUTE OF LIMITATIONS; AND (2) FAILURE TO STATE AN OFFENSE*

Mr. Broumand's arrest, his initial appearance in the Northern District of California and the government's motion for detention, defense counsel was not informed, much less concurred with, the filing of the information.

The next day, in the afternoon, the prosecution emailed defense counsel notifying him that an information pertaining to a bribery charged connected to the Ducati motorcycle has been filed. The information was attached to the government's email. On April 30, 2020, at 6 a.m., defense counsel replied that Mr. Broumand did not waive his 5th Amendment Right to be charged by an indictment.

More recently, the parties again discussed count 2 and the statute of limitations. On December 7, 2020, the government in its letter, citing 2 cases, maintained that the April 28, 2020 information preserved the count from a statute of limitations argument. The defense disagrees.

## LAW and ARGUMENT

A.   Motion To Dismiss for Violation of the Statute of Limitations

Although some federal criminal statutes provide for longer limitations periods, the default statute of limitations for most criminal offenses is the five-year statute of limitations of U.S. Code Title 18, Section 3282.U.S.  In *Toussie v. United States*, 397 U.S. 112 (1970) the Supreme Court explained that the statute of limitations is needed to balance the rights of a defendant against criminal charges where the underlying facts may have eroded over time with the interest of the government in swiftly investigating the alleged criminal activity. *Id*. at 114-15. The statute of limitations is necessary to provide repose and finality to the defendant (*see*

*DEFENDANT BABAK BROUMAND'S NOTICE OF MOTION AND MOTION PURSUANT TO FEDERAL RULES 12(B)(3)(B)(V) TO DISMISS COUNT 2 OF THE FIRST SUPERSEDING INDICTMENT: (1) VIOLATION OF THE STATUTE OF LIMITATIONS; AND (2) FAILURE TO STATE AN OFFENSE*

6

Case 2:20-cr-00224-RGK   Document 64   Filed 10/18/21   Page 7 of 13   Page ID #:368

*United States v. Marion*, 404 U.S. 307, 322 (1971)) and commences when each element of the criminal offense has been satisfied. *Toussie,* 397 U.S. at 115.  Here, there is no dispute that Count Two (the Ducati Count) was not indicted until June 12, 2020. Equally, there can be no dispute that the June 12, 2020 indictment date was beyond the statutory statute of limitations date mandated for the April 29, 2015 alleged bribery involving the Ducati motorcycle.

The only question here is whether the prosecution's unilateral filing of a bare-bones unsworn information serves to preserve the Ducati charge at the midnight hour of the 5-year statute of limitations.  Answering in the affirmative, the government earlier relied on a Seventh Circuit case wherein that Court determined that the filing of an information, without a waiver of indictment, satisfied the statute of limitations requirement because the case was sufficiently "initiated."  *United States v. Burdix-Dana*, 149 F.3d 741 (7th Cir. 1998).  The government further argued that the "detailed criminal complaint before the filing of the Information" gave "more than adequate notice of the charges." [3]

However, upon detailed review, *Burdix-Dana* is distinguishable.  Whereas the case in *Burdix-Dana* was "initiated" with the information, the Broumand case was "initiated" with the detailed 41-page criminal complaint and arrest.  Constitutional protections, (the right to counsel, to be charged by a grand jury indictment for any felony, etc.) were in full play as Mr.

---

[3]  This is contained in the government's December 7, 2020 letter which is attached herewith the Declaration of Steven F. Gruel.

*DEFENDANT BABAK BROUMAND'S NOTICE OF MOTION AND MOTION PURSUANT TO FEDERAL RULES 12(B)(3)(B)(V) TO DISMISS COUNT 2 OF THE FIRST SUPERSEDING INDICTMENT: (1) VIOLATION OF THE STATUTE OF LIMITATIONS; AND (2) FAILURE TO STATE AN OFFENSE*

7

Broumand proceeded with his initial appearance, arraignment, and the government's request for detention.

Once arrested on the FBI's criminal complaint, the Federal Rules of Criminal Procedure also applied.  The due process concerns embedded in Rule 5.1 required a probable cause determination so that Mr. Broumand either be afforded a timely preliminary hearing, is indicted by a Grand Jury, or the government files an information in accordance with Rule 7(b) charging the him with a felony.   Contrary to the government's actions here, Rule 7(b) requires a waiver of indictment to be agreed to in open Court by the defendant if the case is to proceed by information.

Instead, the defense was not informed of the prosecution's information until a day after it was filed which was 5 days after his arrest on the complaint.  Not only did this "behind-the-scene" move circumvent a probable cause determination on the Ducati charge, but it completely precluded any meaningful way for the defense to contest the filing.

The government may attempt to dodge these Constitutional and procedural safeguards by pointing out that the Ducati based Information is a different charge than the bribery conspiracy charged in the complaint. This is a difference without distinction because the prosecution's December 7, 2020 letter relies heavily on the "detailed criminal complaint" as the "facts" justifying the information.  In other words, it would completely frustrate the protections and rights seen in our criminal justice system if, once a case has initiated by an arrest on a complaint, the government were free to unilaterally file charges with an oath or without a probable cause determination.

*DEFENDANT BABAK BROUMAND'S NOTICE OF MOTION AND MOTION PURSUANT TO FEDERAL RULES 12(B)(3)(B)(V) TO DISMISS COUNT 2 OF THE FIRST SUPERSEDING INDICTMENT: (1) VIOLATION OF THE STATUTE OF LIMITATIONS; AND (2) FAILURE TO STATE AN OFFENSE*

8

B.  <u>Motion To Dismiss For Failure to State An Offense</u>

There is no dispute that the government has failed to produce a data base inquiry by Mr. Broumand allegedly conducted in exchange for the Ducati motorcycle.

In general, bribery requires a quid pro quo, meaning a specific intent to "give or receive something of value in exchange for an official act." *United States v. Sun-Diamond Growers of Cal.*, 526 U.S. 398, 404-05 (1999).   The Ninth Circuit Model Instruction (8.13, May 2020) for the elements of bribery by a public official according to 18 U.S.C. § 201(b)(2)) include:

1.  First, the defendant was a public official;

2.  Second, the defendant [demanded] [sought] [received] [accepted] [agreed to receive or accept] something of value, [specify the thing of value], in return for [being influenced in the performance of an official act] [being influenced to commit or allow a fraud on the United States] [being induced to do or not to do an act in violation of defendant's official duty]; and

3.  Third, the defendant acted corruptly, that is, intending to be influenced [in the performance of an official act] [to commit or allow a fraud on the United States] [to do or to omit to do an act in violation of the defendant's official duty].

4.  A public official acts "corruptly" when he or she accepts or receives, or agrees to accept or receive, a thing of value, in return for being influenced with the intent that, in exchange for the thing of value, some act would be influenced.

The government's investigation in this case began well before the federal agents

executed the December 5, 2018 search warrants. From back then to the present, after producing over 97,000 pages of discovery, no data base search of the QRFM exists. Therefore, there is no proof the violation of an "official duty" or "official act."   The government's repeated admissions that they did not locate what Individual A claims not only proves that he is untruthful, but also supports dismissing this count.

## <u>CONCLUSION</u>

For the foregoing reasons, this Court should dismiss Count 2 of the First Superseding Indictment.

Respectfully submitted,

Dated: October 18, 2021

By: /s/ Steven F. Gruel_____
STEVEN F. GRUEL
Attorney for BABEK BROUMAND

1

## **DECLARATION OF STEVEN F. GRUEL**

2

  I, Steven F. Gruel, under penalty of perjury, declare and state as follows:

3

4

1. I am an attorney licensed to practice law in California.  I have practiced law since 1985.

5

From 1987 to 2005, I served with the United States Justice Department.  From 1989 to 2005, I

6

served as an Assistant United States Attorney in the Criminal Division of the United States

7

Attorney's Office in the Northern District of California (USAO).  My tenure at the USAO

8

included serving as Chief of the Major Crimes Section and Acting Chief of the Organized

9

Crime Strike Force.

10

2. I represent defendant Babak Broumand in the above captioned matter. Mr. Broumand

11

12

served as an FBI Special Agent from 1999 to 2019, and was responsible for national security

13

investigations. His responsibilities as an FBI Special Agent in the pursing national security

14

investigations required recruiting human intelligence sources.

15

3. I am personally familiar with the procedural facts of this case mentioned in this motion.

16

17

Also, I reviewed the PACER dockets for Central District of California which relate to the

18

criminal complaint (2:20-mj-01777) and the Information filed by the prosecution (CR-20-0193-

19

RGK).

20

4.  The criminal complaint is described above is hereby incorporated by reference.  Attached

21

hereto as Exhibit A are 2 pages from the criminal complaint which specifically refer to the

22

23

Ducati motorcycle and the allegation by Individual A regarding a law enforcement data base

24

inquiry of a Qatar Royal Family Member (QRFM).

25

26

*DEFENDANT BABAK BROUMAND'S NOTICE OF MOTION AND MOTION PURSUANT TO FEDERAL RULES*

27

*12(B)(3)(B)(V) TO DISMISS COUNT 2 OF THE FIRST SUPERSEDING INDICTMENT: (1) VIOLATION OF THE*
*STATUTE OF LIMITATIONS; AND (2) FAILURE TO STATE AN OFFENSE*

28

5.      On December 5, 2018 law enforcement conducted a search warrant of Mr. Broumand's home and his two business locations.  On April 24, 2020, Mr. Broumand was arrested by the FBI pursuant to a criminal complaint.  Mr. Broumand made his initial appearance in the Northern District of California on April 27, 2020 and remained in custody until his detention hearing on April 30, 2020.

6.      On April 29, 2020, I received an email from the prosecutor with an attached one count Information charging bribery which had been filed the previous day. On April 30, 2020, I replied to the government's email saying that felonies needed to be charged by a grand jury indictment and that Mr. Broumand was not waiving this right. The government responded that it understood my position.  True and correct copies of these emails as well as the attached Information are attached hereto as Exhibit B.

7.      Attached hereto as Exhibit C is a true and correct copy of the government's letter dated December 7, 2020 regarding the statute of limitations for Count 2 of the Indictment and subsequent First Superseding Indictment. (The Ducati count).

8.      To date, the government has produced discovery on 12 occasions totaling over 97,000 Bates Numbered pages of materials as well as numerous pole camera videos.  The last discovery production was on or about October 6, 2021.  It is my understanding that the government has no evidence that Mr. Broumand accessed a data base to conduct an inquiry regarding a Qatar Royal Family Member as claimed by Individual A. In fact, on March 18, 2021, the prosecution admitted in a letter that it had not located any database QRFM searches as claimed by Individual A.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct, and that this declaration is executed this 18th day of October 2021, in San Francisco, California.

/Steven F. Gruel
STEVEN F. GRUEL