STEVEN F. GRUEL (SBN213148)
315 Montgomery Street, 10th Floor
San Francisco, CA 94104
Phone: 415-533-6973
Email: attystevengruel@sbcglobal.net
www.gruellaw.com

Attorney for BABAK BROUMAND

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE UNITED STATES OF AMERICA, | Case Number: CR-20-224-RGK |
| Plaintiff, | |
| | **DEFENDANT BABAK BROUMAND'S SPECIFIC DISCOVERY REQUESTS** |
| v. | |
| BABAK BROUMAND, | **HONORABLE R. GARY KLAUSNER** |
| Defendant. | |

Defendant, BABAK BROUMAND, by and through his counsel, Steven F. Gruel, hereby respectfully submits this DEFENDANT BABAK BROUMAND'S SPECIFIC DISCOVERY REQUESTS.

## **INTRODUCTION**

On November 29, 2021 the defense listed 11 categories of materials it requested be produced as discovery. (Dkt. # 85). As of the date of that filing, the defense received rolling

discovery in 13 productions totaling 105,721 Bates Numbered materials. Since that defense filing, the defense filed its Section 5 Notice pursuant to the Classified Information Procedures Act (CIPA) which included a discovery request.  Also, from December 8, 2021 to December 28, 2021 the government provided much more discovery in productions 14, 15 and 16 - - now adding 371,553 Bates numbered materials to the current total of 477,327 items of discovery.[1]

The defense is diligently reviewing the latest discovery roll-outs which may necessitate follow-up discovery requests. As an example, in a disclosure provided just a few weeks ago, the defense first learned that some aspect of this prosecution of Babak Broumand was presented for prosecution to the United States Attorney for the Northern District of California (NDCA).  Bates Number 477,077 to 477,080.  However, that prosecution referral was declined by the United States Attorney in that district.  This constitutes discoverable *Brady* material.

At the January 7, 2022, hearing the Court invited the defense the opportunity to define or narrow its pending discovery requests while also having the parties confer that morning to see if any defense requests could be resolved absent judicial intervention.

The parties did confer and as the parties reported to the Court, some headway was accomplished. Working basically from memory and chicken-scratched notes, defense counsel will attempt to incorporate herein the topics discussed and agreed upon by the parties.[2]  For instance, in the impromptu conference, the prosecution informed the defense that more discovery was forthcoming which was relevant to the pending defense requests. Also, the prosecution mentioned that in late January it would allow defense counsel to review some sensitive materials in its office.

Finally, to the extent that the defense has had the opportunity to review the new discovery

---

[1] This pleading does not incorporate the pending CIPA discovery requests also currently before the Court. The defense understands that this CIPA discovery matter will be addressed in a second round of briefing ordered by the Court.
[2] Any misstatements or errors are unintentional as counsel attempts to recall what exactly was discussed and agreed upon.

*DEFENDANT BABAK BROUMAND'S SPECIFIC DISCOVERY REQUESTS*

2

it received in productions 14, 15, and 16, it has attempted to incorporate it in refining the 11 discovery requests pending before the Court.

## REFINED PENDING DISCOVERY REQUESTS

The defense filed two briefs outlining the law supporting its discovery requests. Unless requested by the Court, the defense does not reiterate the law but, as requested by the Court, simply narrowed or refined its requests.

The requests are as follows:

1. <u>Individual A's interviews with federal and state law enforcement</u>

    a. This request was part of parties' impromptu discussion on January 7, 2022. Defense counsel recalls that the government stated that more Individual A interviews were forthcoming.³ Defense counsel recalls that the prosecution mentioned that these requested items would also be part of the in-office review in late January. Thus, conditioned on the prosecution's representation, the defense removes requesting a discovery order on this material.

    b. The defense still requests as *Brady / Giglio* material the investigative reports involving Individual A's participation in credit card fraud, marijuana cultivation, identity theft, tax evasion and any other known criminal conduct by Individual A. (Brady/Giglio requested on: May 27, 2020, November 24, 2020, March 15, 2021)

2. <u>State and Federal Search Warrants Pertaining to Individual A</u>

    a. The discovery reveals that Individual A's law office and cell phone were searched by law enforcement. Yet, the defense does not have the search warrants or the reports

---

³ The defense just learned that Individual A was interviewed by an FBI Agent in San Diego about Mr. Broumand in connection with Sam Solakyan. Further, we learned that Individual A had a proffer session with the OIG and AUSA Patricia Donohue regarding Mr. Broumand and Felix Cisneros. Presumably, these are the type of undisclosed interviews which will now be shared with the defense.

describing these searches. The defense hereby requests an Order for these items.

b. The discovery reveals that Individual A's crime partner (H.N.) had locations and items searched by law enforcement as part of the investigation of criminal conduct with Individual A. The defense does not have these *Brady / Giglio* materials. The defense hereby requests an Order for these items. (Brady/Giglio requested on: May 27, 2020, November 24, 2020, March 15, 2021, November 24, 2021)

3. <u>The missing August 23, 2018 Plea Agreement / Other Agreements With Government</u>

   a. The current discovery indicates the existence of a plea agreement between Individual A and the government dated August 23, 2018. It has not been produced. The defense hereby requests an Order for this item. (Requested on: November 24 and 29, 2021, December 13, 2021)

   b. The discovery indicates that Individual A has been interviewed by several state and federal law enforcement agencies. The defense requests an Order for any agreements (such as proffer agreements or agreements not to prosecute) associated with Individual A's numerous interviews. (Requested on: November 24, 2020, March 15 and 24, 2021, December 13, 2021)

4. <u>Access to Inspect Alleged FBI Database Inquires By Defendant</u>

   a. On December 28, 2021 the prosecution has produced a chart of a 2018 audit of alleged database inquires by Mr. Broumand. The chart simply lists undiscernible codes, agency internal jargon or numbers which are meaningless. The defense will reach out to the prosecution for an explanation what the information on the audit chart means. No Order is requested for this explanation at this time and hopefully will not be necessary.

*DEFENDANT BABAK BROUMAND'S SPECIFIC DISCOVERY REQUESTS*

4

    b. The defense seeks an Order for a very limited and specific inspection and review of the FBI database regarding the alleged inquires made by Mr. Broumand, or by FBI staff at Mr. Broumand's alleged direction, as charged in the First Superseding Indictment. Retracing Mr. Broumand's alleged database inquiries is clearly relevant (they are charged as overt acts and are related to an element of the offense, i.e., the breach of duty), but also necessary to determine what, if anything, Mr. Broumand saw and allegedly conveyed to Individual A. Without personally viewing what the inquires mentioned in the FSI contained, the defense simply cannot challenge the prosecution's evidence on this matter. In fact, recent discovery shows that the prosecution team is using documents extracted from Mr. Broumand's FBI database inquires and showing them to witnesses to prepare testimony. Bates Number 476831 – 476833. Here, documents allegedly seen from the database inquiry of Sam Solakyan were shown to an anticipated trial witness. It is basic fairness that the defense also view the very documents used by the prosecution. The defense must have this access to inspect the contents of Mr. Broumand's inquires to fully challenge the government's version of the evidence. Defense counsel can review this evidence under any controls the government deems necessary and an appropriate Protective Order.

5. <u>All Interviews and Criminal Records of B.B. and C.F.</u>

    a. The defense does not seek any discovery Order regarding this matter at this time.

6. <u>Copies of Individual A's Personal and Company Tax Records</u>

    a. The discovery indicates that Individual A obtained large amounts of cash and money from criminal activity. He lived in mansions, owned one or two private

jets and had access to millions of dollars. It is believed that he did not report all of his income (including from criminal activity). It is believed that Individual A used his companies and straw companies to evade taxes.

As *Brady / Giglio* material, the defense seeks an Order for disclosure of any agreements between Individual A and the government not to be prosecuted for tax violations. (Brady/Giglio requested on: May 27, 2020, November 24, 2020, March 15, 2021)

    b. For the reasons stated above and as *Brady / Giglio* material, the defense seeks an Order for disclosure of Individual A's personal federal tax returns from 2014 to 2018 (the government can redact any personal information); (Brady/Giglio requested on: May 27, 2020, November 24, 2020, March 15, 2021, Tax records requested on December 13, 2021)

    c. For the reasons stated above and as *Brady / Giglio* material, the defense seeks an Order for disclosure any of Individual A's corporate or business federal tax returns from 2014 to 2018 (this includes any straw companies owned or managed by Individual A). (Brady/Giglio requested on: May 27, 2020, November 24, 2020, March 15, 2021, Tax records requested on December 13, 2021.)

7. <u>Reports Regarding Obtaining Gaddifi's Hidden Money in Africa</u>

The defense no longer requests a discovery Order regarding this request.

8. <u>Database Inquires by Felix Cisneros and John Balian for Individual A</u>

    a. The government produced a 280-page OIG audit of HSI federal agent Felix Cisneros database inquires. The defense will reach out to the prosecution to explain the incomprehensible internal jargon, audit numbers and codes to fully understand this material. No discovery Order is requested.

    b. No database audits have been produced pertaining to Glendale Detective John Balian. Yet, on February 15, 2019, the prosecution interviewed a cooperating witness with a database audit of Balian's database inquires which included those conducted for Individual A. The defense requests an Order for this Balian database audit. (Requested on: December 13, 2021)

9. <u>Disclosure of any Government Expert Witness</u>

No discovery Order is requested. But the defense would appreciate the government's timely disclosure so any defense expert reviewing and possibly challenging the prosecution expert can be accomplished.

10. <u>Disclosure of Other Law Enforcement Associated With Individual A</u>

    a. The prosecution team knows that Individual A liked to associate with law enforcement officers. As an example, in one interview with the prosecution team Individual A told them that he drove to the interview in a Dodge Hell Cat which was owned or leased by a L.A Police officer who lent it to Individual A. In a February 15, 2019 interview of a cooperating witness, the prosecution team asked for the identities of other FBI agents, Secret Service Agents, EPA agents, and LA officers that may have associated with Individual A and Levon Termendzhyan. The prosecution knows that Individual A associated with numerous members of law enforcement. Their reports establishing and investigating this supports that Mr. Broumand, as with many other members of law enforcement, associated with Individual A without engaging in criminal activity. (Requested on: November 24, 2020, March 15 and 29, 2021, December 13, 2021)

11. <u>Babak Broumand Emails</u>

On December 28, 2021, the prosecution produced many of Mr. Broumand unclassified

emails. The defense has not yet reviewed all of these emails. Therefore, the request for a discovery Order is conditionally withdrawn.

## CONCLUSION

The defense respectfully requests a discovery Order as outlined above.

Respectfully Submitted,

Dated: January 10, 2022      __/s/_STEVEN GRUEL___
Steven F. Gruel, Esquire