STEPHANIE S. CHRISTENSEN
Acting United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
RUTH C. PINKEL (Cal. Bar No. 164470)
Assistant United States Attorney
Public Corruption and Civil Rights Section
MICHAEL J. MORSE (Cal. Bar No. 291763)
JUAN M. RODRIGUEZ (Cal. Bar No. 313284)
Assistant United States Attorneys
General Crimes Section
    1500/1100/1200 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-6077/7367
    Facsimile: (213) 894-7631
    E-mail:   ruth.pinkel@usdoj.gov
             michael.morse@usdoj.gov
             juan.rodriguez@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>        v.<br><br>BABAK BROUMAND,<br><br>    Defendant. | No. CR 20-224(A)-RGK<br><br>STIPULATION REGARDING REQUEST FOR (1) CONTINUANCE OF TRIAL DATE AND (2) FINDINGS OF EXCLUDABLE TIME PERIODS PURSUANT TO SPEEDY TRIAL ACT<br><br>**CURRENT TRIAL DATE:**  8/30/2022<br>**PROPOSED TRIAL DATE:**  9/13/2022 |

    Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys Ruth C. Pinkel and Michael J. Morse, and defendant BABAK BROUMAND ("defendant"), both individually and by and through his counsel of record, Steven F. Gruel, hereby stipulate as follows:

1.     The Indictment in this case was filed on June 12, 2020. Defendant first appeared before a judicial officer of the court in which the charges in this case were pending on May 18, 2020. The Speedy Trial Act, 18 U.S.C. § 3161, originally required that the trial commence on or before August 21, 2020. Defendant was arrested on April 24, 2020, in the Northern District of California pursuant to a criminal complaint and arrest warrant issued in this district. Defendant made his initial appearance in the Northern District on April 27, 2020, and was detained. Defendant was released on bond on May 1, 2020. Thereafter, the case was transferred to this district under the Federal Rules of Criminal Procedure. Defendant first appeared before a judicial officer of this Court on May 18, 2020; defendant was continued on bond, with modification. That same day, a preliminary hearing was held by Magistrate Judge Alicia Rosenberg and probable cause found. On May 28, 2020, among other findings, Magistrate Judge Charles F. Eick found the period from April 24, 2020, the date of defendant's arrest, to June 1, 2020, was excluded from the Speedy Trial Act for all purposes pursuant to 18 U.S.C. § 3161(h)(7)(A) (dkt. 22). The Court also extended the speedy-indictment deadline to 60 days from defendant's arrest under 18 U.S.C. § 3161(b).

2.     During defendant's post-indictment arraignment on June 23, 2020, the Court set a trial date of August 18, 2020. A First Superseding Indictment was returned on June 30, 2021. Defendant was arraigned on the First Superseding Indictment on August 9, 2021; the Court set a trial date of November 16, 2021—-the date previously set by this Court.

3.  Defendant is released on bond pending trial. The government estimates that the trial in this matter will last approximately four to seven days. The defense estimates that the trial will be six to ten days and anticipates putting on a defense case.

4.  The Court has previously continued the trial date in this case from August 18, 2020, to August 30, 2022, and found the interim period to be excluded in computing the time within which the trial must commence, pursuant to the Speedy Trial Act.

5.  On December 3, 2021, defendant filed an *in camera* Classified Information Procedures Act ("CIPA") Section 5 Notice, of which the government received notice through the Classified Information Security Officer ("CISO") on December 6, 2021. Following the Court's Orders (Dkts. 105 and 110), including the January 7, 2022 hearing, the government filed a CIPA Section 5 Response *in camera* through the CISO on February 3, 2022. On February 18, 2022, the Court found defendant's CIPA Section 5 Notice to be "vague and overly broad," among other findings, and precluded "the Section 5 materials." However, the Court gave defendant an opportunity to submit an Amended Notice and gave the government seven (7) days to respond. (Dkt. 114.) On March 4, 2022, defendant filed an Amended CIPA § 5 notice. The government filed its response to the Amended CIPA § 5 Notice on March 11, 2022 (Dkt. 118), and on March 18 defendant filed a reply. (Dkt. 120.) On May 9, 2022, the Court held a CIPA § 5 hearing and ordered the parties to engage in an additional meet and confer regarding defendant's Amended CIPA § 5 notice. The parties engaged in this meet and confer in-person in Los Angeles on May 25, 2022. Defendant filed an Addendum to Amended § 5 Notice on

3

June 1, 2022, and the government to filed a Response to Addendum by June 6, 2022. On July 15, 2022, the government filed its CIPA §§ 6(a) and (b) Objections on the Use, Relevance, and Admissibility of Classified Information Identified in Addendum to Defendant's Amended CIPA § 5; defendant filed an Opposition on August 7, 2022 and the government filed its reply on August 16, 2022. The Court has scheduled a CIPA § 6 hearing for August 23, 2022. Defendant has also filed other motions (Dkt. 137) which constitute excludable time.

6. By this stipulation, defendant moves to continue the trial date to September 13, 2022 at 9:00 a.m.

7. This is the fifth request for a continuance.

8. Defendant requests the continuance based upon the following facts, which the parties believe demonstrate good cause to support the appropriate findings under the Speedy Trial Act:

    a. Defendant is charged in a six-count First Superseding Indictment with violations of 18 U.S.C. §§ 371 (conspiracy to commit bribery of a public official), 201 (bribery of a public official) and 1957 (engaging in monetary transactions in property derived from specified unlawful activity) and two forfeiture allegations. (Dkt. 49.) The government has produced discovery to the defense, including over 500,000 pages of written reports, search warrant applications and affidavits, bank and business records, escrow files, loan files, tax returns, sales and use tax returns, grand jury transcripts, voluminous audio and video recordings, telephone records (over 327,700 pages are converted phone subscriber record spreadsheets), and internal FBI emails, including defendant's emails. The discovery includes discovery relevant to the criminal case pending against defendant in the Northern District of California, where the

4

undersigned AUSAs are designated Special Assistant U.S. Attorneys. Additionally, defendant has requested large quantities of discovery from other criminal cases that are both technically related and cases that are not technically related, but that may have some items relevant to the defense theories. The discovery produced from other cases includes, but is not limited to, discovery from the prosecution of United States v. Felix Cisneros, Jr., CR 21-51(A)-RGK and United States v. Felix Cisneros, Jr., CR 17-229-CAS.

   b. Due to the nature of the prosecution, including the charges in the first superseding indictment, which include corruption charges against a then-FBI Special Agent, and the voluminous discovery produced to defendant, this case is so unusual and so complex that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the Speedy Trial Act time limits.

   c. Defense counsel presently has the following case-related conflicts: (1) People v. Jared Wong, 20NF004349 -San Mateo County; preliminary hearing set for September 9, 2022; (2) People v. Gina Gregori, et al; San Francisco Superior Court Criminal Case Number 17-008 012, a Workers Compensation fraud case in which over 124,000 pages of discovery produced; hearing regarding release of restitution funds for court appointed receiver set for August 24, 2022; (3) People v. Daniel Uribe, et al; Santa Clara Superior Court Case Number 217067 – resolution of state restitution order (7) to be determined before September 15, 2022; (4) In the Matter of Yi Jian Lin, EOIR Case Number 042-725-708 – removal hearing set in Immigration Court for December 19, 2022; (5) United States v. Damari Singleton, CR-16-0518-BLF (NDCA) -- defense reply to government's

opposition due September 5, 2022 in habeas petition pending with District Court; and (6) United States v. Broumand, NDCA 21-162-WHO, criminal case charging false statements to government agency (18 U.S.C. § 1001), false statements to financial institution (18 U.S.C. § 1014), subscribing to false tax returns (26 U.S.C. § 7206(1)) filed in the Northern District of California against defendant BROUMAND; a superseding indictment was returned on March 24, 2022; status conference set for August 25, 2022. Accordingly, counsel represents that he will not have the time that he believes is necessary to prepare to try this case on the current trial date.

        d. In light of the foregoing, counsel for defendant also represents that additional time is necessary to confer with defendant, conduct and complete an independent investigation of the case, conduct and complete additional legal research including for potential pre-trial motions, including CIPA-related litigation, review the discovery and potential evidence in the case, and prepare for trial in the event that a pretrial resolution does not occur. Defense counsel represents that failure to grant the continuance would deny him reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

        e. On October 18, 2021, defendant filed a Motion for Notice of the Government's Intent to Use Evidence in its Case-in-Chief According to Federal Rule of Criminal Procedure 12(b)(4)(B) (Dkt. 62); Motion for Notice of the Government's Intent to Use and Disclosure of Evidence According to Evidence Rule 404(b)(3)(A)&(B) (Dkt. 63); Motion To Dismiss Count 2 For Statute Of Limitations Violation And Failure To State An Offense (Dkt. 64); Motion Pursuant to Federal Rules 12(b)(3)(B)(iii) and 7(f) & (d) Regarding Objections

to the First Superseding Indictment: (1) Request for a Bill of Particulars; (2) Motion to Strike Surplusage (Dkt. 65). On November 24, the court granted, in part, defendant's motion for notice of government's intent to use evidence in its case-in-chief (Dkt. 80) and denied defendant's remaining motions (Dkts. 81-83). On November 30, 2021, defendant filed a Motion to Dismiss the First Superseding Indictment, or in the Alternative, Motion to Compel Discovery. (Dkt. 88.) On January 7, 2022, the Court requested additional briefing. (Dkt. 105.) On January 7, 2022, the Court denied defendant's motion to dismiss the first superseding indictment. (Dkt. 104.) On January 24, 2022 the Court denied defendant's motion to compel. (Dkt. 110.)

  f. Defendant believes that failure to grant the continuance will deny him continuity of counsel and adequate representation.

  g. The government does not object to the continuance.

  h. The requested continuance is not based on congestion of the Court's calendar, lack of diligent preparation on the part of the attorney for the government or the defense, or failure on the part of the attorney for the Government to obtain available witnesses.

 9. For purposes of computing the date under the Speedy Trial Act by which defendant's trial must commence, the parties agree that the time period of August 30, 2022 to September 13, 2022 inclusive, should be excluded pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i), (h)(7)(B)(ii) and (h)(7)(B)(iv) because the delay results from a continuance granted by the Court at defendant's request, without government objection, on the basis of the Court's finding that: (i) the ends of justice served by the continuance

7

outweigh the best interest of the public and defendant in a speedy trial; (ii) failure to grant the continuance would be likely to make a continuation of the proceeding impossible, or result in a miscarriage of justice; (iii) the case is so unusual and so complex, due to the nature of the prosecution, that it is unreasonable to expect preparation for pre-trial proceedings or for the trial itself within the time limits established by the Speedy Trial Act; and (iv) failure to grant the continuance would unreasonably deny defendant continuity of counsel and would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

10. Nothing in this stipulation shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods be excluded from the period within which trial must commence. Moreover, the same provisions and/or other provisions of the Speedy Trial Act may in the future authorize the exclusion of additional time periods from the period within which trial must commence.

IT IS SO STIPULATED.

Dated: August 18, 2022                    Respectfully submitted,

                                          STEPHANIE S. CHRISTENSEN
                                          Acting United States Attorney

                                          SCOTT M. GARRINGER
                                          Assistant United States Attorney
                                          Chief, Criminal Division

                                          _____
                                          RUTH C. PINKEL
                                          MICHAEL J. MORSE
                                          JUAN M. RODRIGUEZ
                                          Assistant United States Attorneys

                                          Attorneys for Plaintiff
                                          UNITED STATES OF AMERICA

8

I am BABAK BROUMAND's attorney.  I have carefully discussed every part of this stipulation and the continuance of the trial date with my client. I have fully informed my client of his Speedy Trial rights.  To my knowledge, my client understands those rights and agrees to waive them.  I believe that my client's decision to give up the right to be brought to trial earlier than September 13, 2022 is an informed and voluntary one.

*/S/ Steven Gruel [via email authoriz.]*  August 19, 2022

STEVEN F. GRUEL                                   Date
Attorney for Defendant
BABAK BROUMAND

     I have read this stipulation and have carefully discussed it with my attorney.  I understand my Speedy Trial rights.  I voluntarily agree to the continuance of the trial date, and give up my right to be brought to trial earlier than September 13, 2022.  I understand that I will be ordered to appear in Courtroom 850 of the Roybal Federal Building, 255 E. Temple Street, Los Angeles, California on September 13, 2022 at 9:00 a.m.

BABAK BROUMAND                                    Date
Defendant

I am BABAK BROUMAND's attorney. I have carefully discussed every part of this stipulation and the continuance of the trial date with my client. I have fully informed my client of his Speedy Trial rights. To my knowledge, my client understands those rights and agrees to waive them. I believe that my client's decision to give up the right to be brought to trial earlier than September 13, 2022 is an informed and voluntary one.

_____     _____
STEVEN F. GRUEL                                             Date
Attorney for Defendant
BABAK BROUMAND

I have read this stipulation and have carefully discussed it with my attorney. I understand my Speedy Trial rights. I voluntarily agree to the continuance of the trial date, and give up my right to be brought to trial earlier than September 13, 2022. I understand that I will be ordered to appear in Courtroom 850 of the Roybal Federal Building, 255 E. Temple Street, Los Angeles, California on September 13, 2022 at 9:00 a.m.

_____     8/19/2022
BABAK BROUMAND                                     Date
Defendant

9