STEPHANIE S. CHRISTENSEN
Acting United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
RUTH C.PINKEL (Cal. Bar No. 164470)
MICHAEL J. MORSE (Cal. Bar No. 291763)
JUAN M. RODRIGUEZ (Cal. Bar No. 313284)
Assistant United States Attorneys
Public Corruption and Civil Rights/General Crimes Sections
TARA B. VAVERE (Cal. Bar. No. 279470)
Assistant United States Attorney
Asset Forfeiture Section
     1500/1100/1200/1400 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-6077/7367/0304/5901
     Facsimile: (213) 894-6269/0141/0142
     E-mail:    Ruth.Pinkel@usdoj.gov
                Michael.Morse@usdoj.gov
                Juan.Rodriguez@usdoj.gov
                Tara.Vavere@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 2:20-cr-00224-RGK |
|---|---|
| Plaintiff, | GOVERNMENT'S SUPPLEMENTAL TRIAL MEMORANDUM REGARDING CRIMINAL FORFEITURE |
| v. | |
| BABAK BROUMAND, | |
| Defendant. | |

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

In addition to setting forth criminal charges, the first superseding indictment in this action contains a number of forfeiture allegations. This supplemental memorandum sets forth the procedures that would apply at the criminal forfeiture phase of trial, in the event that the defendant is found guilty of one or more charges

associated with a forfeiture allegation.  Pursuant to these procedures, the Court or jury would then determine whether the defendant's interest in the associated property identified in the forfeiture allegations of the first superseding indictment should be forfeited.

**II.   FORFEITURE PROCEDURES**

   **A.   Overview of Criminal Forfeiture**

Criminal forfeiture is imposed on a convicted defendant as part of sentencing.  It is not an element of the underlying substantive offense.  See Libretti v. United States, 516 U.S. 29, 39 (1995) ("Our precedents have likewise characterized criminal forfeiture as an aspect of punishment imposed following conviction of a substantive criminal offense."); United States v. Feldman, 853 F.2d 648, 662 (9th Cir. 1988) (holding that "trial courts should bifurcate forfeiture proceedings from ascertainment of guilt, requiring separate jury deliberations").

Criminal forfeiture is an important sentencing tool, carrying into effect Congressional intent to deprive criminals and criminal organizations of the instrumentalities and profits of their illegal conduct.  See Kaley v. United States, 571 U.S. 320, 323 (2014) (forfeiture serves to punish the wrong-doer, deter future illegality, lessen the economic power of criminal enterprises, compensate victims, improve conditions in crime-damaged communities, and support law enforcement activities such as police training).

Criminal forfeiture is in personam, in that it may be imposed only after a criminal conviction, and applies only to the property of the convicted defendant.  See United States v. Lazarenko, 476 F.3d 642, 647 (9th Cir. 2007); United States v. Louthian, 756 F.3d 295,

307 n.12 (4th Cir. 2014) (criminal and civil forfeiture are "distinct law enforcement tools" -- the former is an in personam action that requires a conviction, and the latter is an in rem action against the property itself); and United States v. Vampire Nation, 451 F.3d 189, 202 (3d Cir. 2006) (distinguishing civil and criminal forfeiture).

Finally, the extent of criminal forfeiture is determined by the conviction.  The forfeiture must correspond in nature and scope to the underlying criminal conduct for which the defendant was convicted. See United States v. Messino, 382 F.3d 704, 714 (7th Cir. 2004).

**B.   The Property Sought for Forfeiture**

As set forth in the first superseding indictment (Dkt. No. 49), the government intends to seek forfeiture of real property located in the County of Placer, State of California, APN 085-260-034-000.

**C.   Relevant Statutes Permitting Criminal Forfeiture**

1.   Forfeiture Authority Based On Bribery Offenses – 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c)

Forfeiture authority applicable to Counts One through Four is found at  18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), which authorize the criminal forfeiture of any property, real or personal, which constitutes or is derived from proceeds obtained as the result of certain violations or any offense constituting "specified unlawful activity" as defined in section 18 U.S.C. § 1956(c)(7), or a conspiracy to commit such an offense.  Specified unlawful activity includes violations of 18 U.S.C. §§ 201 (Bribery of a Public Official) and 371 (Conspiracy to Commit Bribery of a Public Official).

///

  2. <u>Forfeiture Authority Based On Monetary Transactions Offenses - 18 U.S.C. § 982(a)(1)</u>

Forfeiture authority applicable to Counts Five and Six is found at 18 U.S.C. § 982(a)(1), which authorizes the criminal forfeiture of any property, real or personal, involved in violations of 18 U.S.C. § 1957 (Knowingly Engage or Attempting to Engage In Monetary Transaction in Property Derived from Specified Unlawful Activity), or any property traceable to such property.

 **D.** **Criminal Forfeiture Procedures**

  1. <u>Forfeitability of Property Sought for Forfeiture</u>

The government is required to provide notice of its intent to seek forfeiture in the indictment or information. <u>See</u> Fed. R. Crim. P. 32.2(a) ("A court must not enter a judgment of forfeiture in a criminal proceeding unless the indictment or information contains notice to the defendant that the government will seek forfeiture of property as part of any sentence in accordance with the applicable statute."). The first superseding indictment has provided such notice.

Following conviction, forfeitability of property sought for forfeiture is determined either by the Court or the jury,[1] depending on the election of either party. Rule 32.2(b)(1) provides:

> (A) Forfeiture Determinations. As soon as practical after a verdict or finding of guilty, or after a plea of guilty or nolo contendere is accepted, on any count in an indictment or information regarding which criminal forfeiture is sought, the court must determine what property is subject

---

[1] The right of either party to retain the jury to determine the forfeitability of real or personal property sought for forfeiture is set out at Rule 32.2(b)(5)(A)("In any case tried before a jury, if the indictment or information states that the government is seeking forfeiture, the court must determine before the jury begins deliberating whether either party requests that the jury be retained to determine the forfeitability of specific property if it returns a guilty verdict.").

4

> to forfeiture under the applicable statute. If the government seeks forfeiture of specific property, the court must determine whether the government has established the requisite nexus between the property and the offense. If the government seeks a personal money judgment, the court must determine the amount of money that the defendant will be ordered to pay.

The forfeiture determination may be based upon evidence already in the record, and on any additional evidence or information submitted by the parties during the forfeiture phase and accepted by the Court as relevant and reliable. See Fed. R. Crim. P. 32(b)(1)(B); United States v. Capoccia, 503 F.3d 103, 109 (2d Cir. 2007) (finder of fact may rely on evidence from the guilt phase; it is not necessary for the government to reintroduce that evidence in the forfeiture phase). The government intends to introduce all evidence relevant to forfeiture in the guilt phase of the trial. To the extent that the government offers new evidence during the forfeiture phase, reliable hearsay evidence is admissible, as the forfeiture phase of the trial is merely a part of the sentencing process. See United States v. Ali, 619 F.3d 713, 720 (7th Cir. 2010) (because forfeiture is part of sentencing, less stringent evidentiary standards apply in the forfeiture phase of the trial; the evidence need only be "reliable"); Capoccia, 503 F.3d at 109 (Rule 32.2(b)(1) allows the court to consider "evidence or information," making it clear that the court may consider hearsay; this is consistent with forfeiture being part of the sentencing process where hearsay is admissible); United States v. Creighton, 52 Fed. Appx. 31, 35-36 (9th Cir. 2002) (hearsay is admissible at sentencing and therefore may be considered in the forfeiture phase).

In the event that a party "timely requests to have the jury determine forfeiture, the government must submit a proposed Special

Verdict Form listing each property subject to forfeiture and asking the jury to determine whether the government has established the requisite nexus between the property and the offense committed by the defendant." Fed. R. Crim. P. 32(b)(5)(B).

        2.    <u>Procedural Rules for the Forfeiture Phase and Entry of a Preliminary Order of Forfeiture</u>

As indicated above, Rule 32.2(a) requires that the determination of what property is subject to forfeiture under the applicable statute be determined "as soon as practicable after a finding of guilty."

The standard of proof regarding the criminal forfeitability of property is preponderance of the evidence. <u>United States v. Garcia-Guizar</u>, 160 F.3d 511, 518 (9th Cir. 1998) (preponderance standard is constitutional because criminal forfeiture is not a separate offense, but only an additional penalty for an offense that was established beyond a reasonable doubt); <u>United States v. Hernandez-Escarsega</u>, 886 F.2d 1560, 1576-77 (9th Cir. 1989) (interpreting identical language in 21 U.S.C. § 853, the forfeiture statute applicable to most criminal forfeiture proceedings).

At the forfeiture stage, a defendant is not permitted to relitigate the legality of his or her conduct or otherwise attempt to undermine the jury's finding of guilt. <u>United States v. Warshak</u>, 631 F.3d 266, 331 (6th Cir. 2010) (affirming district court's refusal to let defendant introduce evidence tending to show his conduct was not illegal, and holding that in the forfeiture phase the only question is the nexus between the conduct and the offense). The only question to be determined during the forfeiture phase is whether the evidence submitted during the guilt phase, together with any additional

evidence received during the forfeiture phase, establishes by a preponderance of the evidence that there is the requisite nexus[2] between the underlying crime(s) of conviction and the property sought to be forfeited by the government.[3]

If the jury finds that there is such a nexus, the Court must promptly enter a preliminary order of forfeiture ("preliminary order"). See Fed. R. Crim. P. 32.2(b)(2)(A) ("If the [finder of fact] finds that the property is subject to forfeiture, [the court] must promptly enter a preliminary order of forfeiture ... directing the forfeiture of specific property."); United States v. Monsanto, 491 U.S. 600, 607 (1989) ("Congress could not have chosen stronger words to express its intent that forfeiture be mandatory in cases where the statute applied."); United States v. Newman, 659 F.3d 1235, 1240 (9th Cir. 2011) ("When the Government has met the requirements for criminal forfeiture, the district court must impose criminal forfeiture, subject only to statutory and constitutional limits");

---

[2] This "nexus" is defined by statute for each offense for which forfeiture is authorized. See e.g., Capoccia, 503 F.3d at 115 ("The 'requisite nexus' for a violation of 18 U.S.C. § 2314 is set forth in 18 U.S.C. § 981(a)(1)(C), which subjects to civil forfeiture '[a]ny property, real or personal, which constitutes or is derived from proceeds traceable to a violation of [various sections of Title 18] or any offense constituting 'specified unlawful activity' (as defined in section 1956(c)(7) of this title), or a conspiracy to commit such offense.'")

[3] "[F]or example, if the Government is seeking to forfeit the vessel that the defendant used to smuggle drugs, either party may request that the jury be retained to determine whether the Government has established the factual nexus between the vessel and the particular offense on which the defendant was found guilty. In other words, the jury would have to determine whether the vessel was 'used to commit or to facilitate the commission" of the defendant's offense.'" Stefan Cassela, Asset Forfeiture Law in the United States, § 18-4(a).

id. ("[T]he district court has no discretion to reduce or eliminate mandatory criminal forfeiture").

While the preliminary order forfeits the defendant's interest in the property, it does not include a determination of who is the owner of the property subject to forfeiture. That determination is deferred to the ancillary proceedings that follow the entry of the preliminary order, in which any third party interests in the property are considered and resolved. See Advisory Committee Notes to Federal Rule of Criminal Procedure 32.2 (2000 Adoption) ("Under [the statutory forfeiture scheme first enacted in 1984,] the court orders the forfeiture of the defendant's interest in the property - whatever that interest may be – in the criminal case. At that point, the court conducts a separate proceeding in which all potential third party claimants are given an opportunity to challenge the forfeiture by asserting a superior interest in the property. This proceeding does not involve relitigation of the forfeitability of the property; its only purpose is to determine whether any third party has a legal interest in the forfeited property."); United States v. Nava, 404 F.3d 1119, 1132 (9th Cir. 2005) (district court properly instructed jury that questions of ownership "were not before them").

Because the determination of whether a third party has a legal interest in the forfeited property is made at a separate proceeding, a defendant cannot object to the entry of a preliminary order on the ground that the property at issue does not belong to him. United States v. Schlesinger, 396 F. Supp. 2d 267, 273 (E.D.N.Y. 2005); United States v. Nicolo, 597 F. Supp. 2d 342, 346 (W.D.N.Y. 2009) (in the forfeiture phase of the trial, the court "is not to consider potentially thorny issues concerning third party ownership of

property sought to be forfeited"; if the government establishes the required nexus to the offense, the property must be forfeited).

**III. CONCLUSION**

The government requests that the Court follow the aforementioned procedures in the event that the defendant is found guilty of one or more offenses in the first superseding indictment. Should the defendant be so convicted, the government will propose a corresponding special verdict form.

Dated: September 09, 2022            Respectfully submitted,

STEPHANIE S. CHRISTENSEN
Acting United States Attorney

SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division

RUTH C. PINKEL
MICHAEL J. MORSE
JUAN M. RODRIGUEZ
Assistant United States Attorneys
Public Corruption and Civil Rights/General Crimes Sections

   /s/
_____
TARA B. VAVERE
Assistant United States Attorney
Asset Forfeiture Section

Attorneys for Plaintiff
UNITED STATES OF AMERICA