STEPHANIE S. CHRISTENSEN
Acting United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
RUTH C.PINKEL (Cal. Bar No. 164470)
MICHAEL J. MORSE (Cal. Bar No. 291763)
JUAN M. RODRIGUEZ (Cal. Bar No. 313284)
Assistant United States Attorneys
Public Corruption and Civil Rights/General Crimes Sections
TARA B. VAVERE (Cal. Bar. No. 279470)
Assistant United States Attorney
Asset Forfeiture Section
        1500/1100/1200/1400 United States Courthouse
        312 North Spring Street
        Los Angeles, California 90012
        Telephone: (213) 894-2419/7367/8304/5901
        Facsimile: (213) 894-6269/0141/0142
        E-mail:    Ruth.Pinkel@usdoj.gov
                   Michael.Morse@usdoj.gov
                   Juan.Rodriguez@usdoj.gov
                   Tara.Vavere@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 2:20-cr-00224-RGK-1 |
|---|---|
| Plaintiff, | GOVERNMENT'S PROPOSED FORFEITURE JURY INSTRUCTIONS |
| v. | |
| BABAK BROUMAND, | |
| Defendant. | |

        Plaintiff United States of America, by and through its counsel

of record, the Acting United States Attorney for the Central District

of California and Assistant United States Attorneys Ruth C. Pinkel,

Michael J. Morse, Juan M. Rodriguez and Tara B. Vavere hereby submits

its proposed forfeiture jury instructions, to be read during the

forfeiture phase of trial, in the event of a guilty verdict.

///

At this time, the government has not submitted a proposed special verdict form because trial may substantially impact the scope of the special verdict form.

Dated: September 12, 2022          Respectfully submitted,

STEPHANIE S. CHRISTENSEN
Acting United States Attorney

SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division

RUTH C.PINKEL
MICHAEL J. MORSE
JUAN M. RODRIGUEZ
Assistant United States Attorneys
Public Corruption and Civil
Rights/General Crimes Sections

_____/s/_____
TARA B. VAVERE
Assistant United States Attorney
Asset Forfeiture Section

Attorneys for Plaintiff
UNITED STATES OF AMERICA

1

### INDEX OF PROPOSED FORFEITURE JURY INSTRUCTIONS

2

**PRELIMINARY INSTRUCTION (TO BE READ AFTER VERDICT AND BEFORE**

3

**FORFEITURE PHASE OF TRIAL)**

| No. | Court No. | Title | Source | Page |
|-----|-----------|-------|--------|------|
| 1 | | Overview of Forfeiture Phase of Trial | Eleventh Circuit Pattern Jury Instructions, T6 (2017 ed.); Federal Rule of Criminal Procedure 32.2(a) and (b); 18 U.S.C. § 981(a)(1)(C); 18 U.S.C. § 982(a)(1); Libretti v. United States, 516 U.S. 29, 39 (1995); United States v. Lazarenko, 476 F.3d 642, 647 (9th Cir. 2007); | 1 |

**INSTRUCTIONS AT END OF FORFEITURE PHASE OF TRIAL**

| No. | Court No. | Title | Source | Page |
|-----|-----------|-------|--------|------|
| 2 | | Forfeiture Proceeding Follows Guilty Verdict | Eleventh Circuit Model Jury Instructions, T6 (2017 ed.); Federal Rule of Criminal Procedure 32.2; 18 U.S.C. § 981; United States v. Warshak, 631 F.3d 266, 331 (6th Cir. 2010) | 4 |
| 3 | | Scope of Jury's Determination | Fed. R. Crim. P. 32.2(b)(2)(A); United States v. Nava, 404 F.3d 1119, 1132 (9th Cir. 2005); United States v. Yeje-Cabrera, 430 F.3d 1, 15 (1st Cir. 2005); United States v. Andrews, 530 F.3d 1232, 1236 (10th Cir. 2008); | 5 |

i

| No. | Court No. | Title | Source | Page |
|-----|-----------|-------|--------|------|
| 4 | | Standard of Proof – Preponderance of the Evidence | Libretti v. United States, 516 U.S. 29, 39 (1995); United States v. Lazarenko, 476 F.3d 642, 647 (9th Cir. 2007); United States v. Garcia-Guizar, 160 F.3d 511, 518 (9th Cir. 1998) | 7 |
| 5 | | Definition – Preponderance of the Evidence | Ninth Circuit Model Jury Instructions, Civil, No. 1.3 (2010 ed.) | 8 |
| 6 | | Reliance on Evidence Presented During Guilt Phase | Federal Rule of Criminal Procedure 32.2; 18 U.S.C. § 981; United States v. Capoccia, 503 F.3d 103, 109 (2d Cir. 2007) | 9 |
| 7 | | Forfeiture Allegations Not Evidence | Fed. Crim. Jury Instr. 7th Cir. (2012 ed.) | 10 |
| 8 | | Multiple Bases | Fed. R. Crim. P. 32.2(b); 18 U.S.C. § 982 | 11 |
| 9 | | Property Subject to Forfeiture for Bribery Convictions | Federal Rule of Criminal Procedure 32.2; 18 U.S.C. § 981(a)(1)(C); 28 U.S.C. § 2461(c) | 12 |
| 10 | | Property Subject to Forfeiture for Monetary Transactions Convictions | Federal Rule of Criminal Procedure 32.2; 18 U.S.C. § 982(a)(1) | 13 |
| 11 | | Proceeds Defined | 18 U.S.C. § 981(a)(1)(C); 18 U.S.C. § 981(a)(2)(A); United States v. Swanson, 394 F.3d 520, 529 n.4 (7th Cir. 2005); United States v. Boesen, 473 F.Supp.2d 932, 952-953 (S.D. Iowa 2007); United States v. Capoccia, 503 F.3d 103, 117-18 (2d Cir. 2007) | 14 |

| No. | Court No. | Title | Source | Page |
|---|---|---|---|---|
| 12 | | Forfeiture Based on Bribery Conviction Under 18 U.S.C. § 981(a)(1)(c) | Federal Rule of Criminal Procedure 32.2; 18 U.S.C. § 981(a)(1)(C); 18 U.S.C. § 981(a)(2)(A); *United States v. Lazarenko*, 504 F. Supp. 2d 791, 796-97 (N.D. Cal. 2007); *United States v. Monsanto*, 491 U.S. 600, 607 (1989); *United States v. Newman*, 659 F.3d 1235, 1240 (9th Cir. 2011); *United States v. Nava*, 404 F.3d 1119, 1132 (9th Cir. 2005); *United States v. Yeje-Cabrera*, 430 F.3d 1, 15 (1st Cir. 2005); *United States v. Andrews*, 530 F.3d 1232, 1236 (10th Cir. 2008); *United States v. Christensen*, 828 F.3d 763 (9th Cir. 2015); *United States v. Kalish*, 626 F.3d 165, 168 (2d Cir. 2010); *United States v. Garcia-Guizar*, 160 F.3d 511, 518 (9th Cir. 1998); *United States v. Hernandez-Escarsega*, 886 F.2d 1560, 1576-77 (9th Cir. 1989) | 16 |
| 13 | | Scope of 18 U.S.C. § 982(a)(1) | 18 U.S.C. § 982(a)(1); *United States v. Cherry*, 330 F.3d 658, 669 n.17 (4th Cir. 2003); *United States v. Huber*, 404 F.3d 1047, 1058 (8th Cir. 2005); *United States v. Stewart*, 185 F.3d 112, 129-30 (3d Cir. 1999); *United States v. Nicolo*, 597 F. Supp. 2d 342, 355 (W.D.N.Y. 2009); *United States v. Hawkey*, 148 F.3d 920, 927-28 (8th Cir. 1998); | 19 |

| No. | Court No. | Title | Source | Page |
|-----|-----------|-------|--------|------|
| 14  |           | Forfeiture Based on Monetary Transactions Convictions Under 18 U.S.C. § 982(a)(1) | Federal Rule of Criminal Procedure 32.2; 18 U.S.C. § 982(a)(1) | 22 |
| 15  |           | Special Verdict Form | Federal Rule of Criminal Procedure 32.2(b)(1); 18 U.S.C. § 981; Libretti v. United States, 516 U.S. 29, 133 L. Ed. 2d. 271, 116 S. Ct. 356, 365 (1995) | 23 |

**COURT'S FORFEITURE INSTRUCTION NO. _____**

**[PROPOSED FORFEITURE INSTRUCTION NO. 1]**

**[Criminal Forfeiture Phase of Trial]**

[To be read to the jury immediately after its return of a verdict of guilty on any of the Counts of the First Superseding Indictment, and prior to the commencement of the forfeiture phase of the trial.]

Members of the jury, your verdict in this case doesn't complete your jury service as it would in most cases, because there is another matter you must now consider. You must decide whether the defendant should forfeit certain property to the United States as a part of the penalty for the crimes charged in Counts One through Six of the First Superseding Indictment.

In a portion of the First Superseding Indictment not previously discussed or disclosed to you, it is alleged that there is property involved in or derived from proceeds obtained, directly or indirectly, as a result of the offenses for which the defendant was found guilty. In view of your verdict finding the defendant guilty of Counts _____ of the First Superseding Indictment, you now must also decide what property, if any, should be forfeited to the United States.

Federal law provides that where, as here, a defendant is convicted of conspiracy to commit bribery of a public official or bribery of a public official, such a defendant is required to forfeit to the United States all right, title and interest in any and all property, real or personal, constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of the offense. In this case, since you have found the defendant guilty of

1

1  these offenses, you must consider whether the property specified in
2  the First Superseding Indictment is of this character.

3      Federal law also provides that where, as here, a defendant is
4  convicted of engaging or attempting to engage in monetary
5  transactions in property derived from specified unlawful activity,
6  such a defendant is required to forfeit to the United States all
7  right, title and interest in any and all property, real or personal,
8  involved in the offense, and any property traceable to such property.
9  In this case, since you have found the defendant guilty, you must
10 consider whether the property specified in the First Superseding
11 Indictment is of this character.

12      To "forfeit" a thing is to be divested or deprived of the
13 ownership of it as a part of the punishment allowed by the law for
14 certain criminal offenses.  To decide whether property should be
15 forfeited, you should consider all the evidence you have already
16 heard plus any additional evidence that will be presented to you
17 after these instructions.

18      A copy of the forfeiture allegations of the First Superseding
19 Indictment will be given to you to consider during your supplemental
20 deliberations.  The First Superseding Indictment describes in
21 particular the property allegedly subject to forfeiture to the United
22 States.

23  _____

24 Source: Eleventh Circuit Pattern Jury Instructions, T6 (2017 ed.)
25 (Forfeiture Proceedings) (to be given before supplemental evidentiary
26 proceedings or supplemental argument of counsel)  (adapted); Federal
27 Rule of Criminal Procedure 32.2(a) and (b); 18 U.S.C. § 981(a)(1)(C);
28 18 U.S.C. § 982(a)(1); Libretti v. United States, 516 U.S. 29, 39

(1995) ("Our precedents have likewise characterized criminal forfeiture as an aspect of punishment imposed following conviction of a substantive criminal offense."); United States v. Lazarenko, 476 F.3d 642, 647 (9th Cir. 2007) (criminal forfeiture operates *in personam* against a defendant; it is part of his punishment following conviction); United States v. Lazarenko, 504 F. Supp. 2d 791, 796-97 (N.D. Cal. 2007) (Rule 32.2(a) requires only that the indictment give notice of the forfeiture in generic terms; that the Government did not itemize all of the property subject to forfeiture until much later was of no moment; older cases holding that property had to be listed in the indictment are no longer good law).

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**COURT'S FORFEITURE INSTRUCTION NO. _____**

**[PROPOSED FORFEITURE INSTRUCTION NO.  2]**

**[Forfeiture Proceeding Follows Guilty Verdict]**

[This Instruction and all following instructions to be read before the jury begins its deliberations on forfeiture]


    While deliberating concerning the issue of forfeiture you must not reexamine your previous determination regarding the defendant's guilt.  However, all the instructions previously given to you concerning duties of the jury, your consideration of the evidence, what is and is not evidence, the credibility of the witnesses, expert testimony, your duty to deliberate together, your duty to base your verdict solely on the evidence without prejudice, bias, or sympathy, and the necessity of a unanimous verdict, will continue to apply during these supplemental deliberations.

_____

Source: Eleventh Circuit Model Jury Instructions, T6 (2017 ed.) (adapted); Federal Rule of Criminal Procedure 32.2; 18 U.S.C. § 981; United States v. Warshak, 631 F.3d 266, 331 (6th Cir. 2010) (defendant is not permitted to relitigate the legality of his conduct or otherwise attempt to undermine the jury's finding of guilt during the forfeiture phase; affirming district court's refusal to let defendant introduce evidence tending to show his conduct was not illegal, and holding that in the forfeiture phase, the legality of the conduct is "no longer a live issue;" the only question is the nexus between the conduct and the offense).

1

**COURT'S FORFEITURE INSTRUCTION NO. _____**

2

**[PROPOSED FORFEITURE INSTRUCTION NO. 3]**

3

**[Forfeiture – Scope of Jury's Determination]**

4

5  Your duty at this phase of the proceeding is solely to determine

6  whether the government has proven the required connection between the

7  property sought for forfeiture and the offenses for which you have

8  found the defendant guilty.

9  You should not consider what might happen to the property in

10  determining whether the property is subject to forfeiture; the

11  disposition of any property that is declared forfeited is exclusively

12  a matter for the Court to decide.  Similarly, if any property has

13  been transferred to a third party, the Court will later determine the

14  rights of that third party to the property.

15  Some of the property which the government claims is subject to

16  forfeiture may be in the name of the defendant and persons or

17  business entities other than the defendant.  However, any interest

18  that a person other than a defendant may claim to such property will

19  be taken into account by this Court in a separate proceeding.

20  Interests of persons or entities other than the defendant are not for

21  your consideration.

22  Your sole task is to decide whether the defendant's interest in

23  the property, whatever that interest may be, is subject to forfeiture

24  under the applicable law.

25

26

_____

27  Source: Fed. R. Crim. P. 32.2(b)(2)(A) (only question during

28  forfeiture phase is whether evidence establishes requisite nexus

5

between underlying crimes of conviction and property sought to be forfeited); <u>United States v. Nava</u>, 404 F.3d 1119, 1132 (9th Cir. 2005) (district court properly instructed jury that questions of ownership "were not before them"); <u>United States v. Yeje-Cabrera</u>, 430 F.3d 1, 15 (1st Cir. 2005) (explaining that the primary purpose of Rule 32.2(b)(2) was to preserve the resources of the court and third parties by deferring the ownership issue to the ancillary proceeding, thus avoiding duplicative litigation); <u>United States v. Andrews</u>, 530 F.3d 1232, 1236 (10th Cir. 2008) (once forfeitability is determined, the court does not – "and indeed may not" -- determine ownership, as that issue is deferred to the ancillary proceeding).

1

**COURT'S FORFEITURE INSTRUCTION NO. _____**

2

**[PROPOSED FORFEITURE INSTRUCTION NO. 4]**

3

**[Standard of Proof]**

4

5       With two important exceptions, all previous instructions will

6   continue to apply to your deliberations.  The first exception is that

7   during this phase, the government's burden is no longer proof beyond

8   a reasonable doubt, but instead, is simply proof by a preponderance

9   of the evidence, which I will define for you.

10      The second exception is that during this phase, you will

11  consider a component of the potential punishment to be imposed on the

12  defendant, but your sole task is to determine whether the government

13  has established, by a preponderance of the evidence, the required

14  connection between the crimes of which the defendant has been

15  convicted and the property sought for forfeiture.

16

17

18  _____

19  Source: Libretti v. United States, 516 U.S. 29, 39 (1995) ("Our

20  precedents have likewise characterized criminal forfeiture as an

21  aspect of punishment imposed following conviction of a substantive

22  criminal offense.");  United States v. Lazarenko, 476 F.3d 642, 647

23  (9th Cir. 2007) (criminal forfeiture operates *in personam* against a

24  defendant; it is part of his punishment following conviction); Rule

25  32.2(b)(5);  United States v. Garcia-Guizar, 160 F.3d 511, 518 (9th

26  Cir. 1998) (preponderance standard is constitutional because criminal

27  forfeiture is not a separate offense, but only an additional penalty

28  for an offense that was established beyond a reasonable doubt).

**COURT'S FORFEITURE INSTRUCTION NO. ____**

**[PROPOSED FORFEITURE INSTRUCTION NO. 5]**

**[Preponderance of the Evidence]**

When a party has the burden of proof on any claim by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim is more probably true than not true.  You should base your decision on all of the evidence, regardless of which party presented it.

_____

Source: Ninth Circuit Model Jury Instructions, Civil, No. 1.3 (2010 ed.) [Preponderance of the Evidence].

**COURT'S FORFEITURE INSTRUCTION NO. _____**

**[PROPOSED FORFEITURE INSTRUCTION NO.  6]**

**[Reliance on Evidence Presented During Guilt Phase]**

In making the forfeiture determination, you should consider all of the evidence presented during the trial as well as the evidence presented during these post-verdict forfeiture proceedings, regardless of who offered it.  You should evaluate the evidence and its credibility according to the instructions given to you earlier.

_____

Source: Federal Rule of Criminal Procedure 32.2; 18 U.S.C. § 981; Rule 32.2 ((b)(1)(B) (whether made by the Court or the jury, the nexus determination may be based upon "evidence already in the record, including any written plea agreement, and on any additional evidence or information submitted by the parties and accepted by the court as relevant and reliable."); United States v. Capoccia, 503 F.3d 103, 109 (2d Cir. 2007) (finder of fact may rely on evidence from the guilt phase; it is not necessary for the government to reintroduce that evidence in the forfeiture phase).

**COURT'S FORFEITURE INSTRUCTION NO. _____**

**[PROPOSED FORFEITURE INSTRUCTION NO.  7]**

**[Forfeiture Allegations Not Evidence]**

The forfeiture allegations set forth in the First Superseding Indictment are not evidence and do not create any inference that the property is subject to forfeiture.  The defendant has denied that the property is subject to forfeiture.

---

Source: Fed. Crim. Jury Instr. 7th Cir. (2012 ed.) [Forfeiture Allegations Instruction]; cf. Ninth Circuit Model Jury Instructions, Civil, No. 3.2 (2010 ed.) [Charge Against Defendant Not Evidence].

**COURT'S FORFEITURE INSTRUCTION NO. _____**

**[PROPOSED FORFEITURE INSTRUCTION NO.  8]**

**[Forfeiture – Multiple Bases]**

I will soon describe the specific property the government seeks to forfeit and what the government must prove to forfeit such property.  You will be asked to consider whether such property is subject to forfeiture, including on multiple grounds.  You need not be concerned with "double-counting" of monetary amounts or "overlapping" of properties.

Even if you find that a particular property is subject to forfeiture for more than one reason, that does not mean the government will receive the property twice.  However, it is important that you indicate on the special verdict form all bases on which you find any given property is subject to forfeiture.

Any issues of "double-counting" or "overlapping" will be considered by the Court when imposing sentence.

Source: Fed. R. Crim. P. 32.2(b); 18 U.S.C. § 982.

**COURT'S FORFEITURE INSTRUCTION NO. _____**

**[PROPOSED FORFEITURE INSTRUCTION NO. 9]**

**[Property Subject to Forfeiture for Bribery Conviction or Conspiracy to Commit such Offense]**

Under federal law, any defendant convicted of one or more violations of Title 18, United States Code, Sections 201 and 371, shall forfeit to the government all of the defendant's right, title and interest in any and all property, real or personal, constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of the offense.

---

Source: Federal Rule of Criminal Procedure 32.2; 18 U.S.C. § 981(a)(1)(C); 28 U.S.C. § 2461(c).

12

**COURT'S FORFEITURE INSTRUCTION NO. \_\_\_\_**

**[PROPOSED FORFEITURE INSTRUCTION NO. 10]**

**[Property Subject to Forfeiture for Monetary Transactions Conviction]**

Under federal law, any defendant convicted of one or more violations of Title 18, United States Code, Section 1957, shall forfeit to the government all of the defendant's right, title and interest in any and all property, real or personal, involved in the violating conduct or any property traceable to such property.

Source: Federal Rule of Criminal Procedure 32.2; 18 U.S.C. § 982(a)(1).

13

**COURT'S FORFEITURE INSTRUCTION NO. \_\_\_\_**

**[PROPOSED FORFEITURE INSTRUCTION NO.  11]**

**[Proceeds Defined]**

Property subject to forfeiture as proceeds of specified unlawful activity includes any money of any kind obtained directly or indirectly, as the result of the commission of the offense giving rise to forfeiture, and any property traceable thereto, and is not limited to the net gain or profit realized from the offense.

Proceeds remain proceeds regardless of how many times the property may change form.  For example, the proceeds of a crime may start out as money in one bank account, be moved to a second bank account, be converted to a check, and then used to buy a car. In that case, each of the items would be considered the proceeds of the offense, or property derived from such proceeds.

In a case, like this one, involving conspiracy to commit bribery of a public official, property is subject to forfeiture if it is derived from or traceable to the offense; it is not necessary for the Government to trace the property to a particular execution of the offense.

-----

Source:  18 U.S.C. § 981(a)(1)(C); 18 U.S.C. § 981(a)(2)(A); United States v. Swanson, 394 F.3d 520, 529 n.4 (7th Cir. 2005) (a change in the form of the proceeds does not prevent forfeiture; property traceable to the forfeitable property is forfeitable as well); United States v. Boesen, 473 F.Supp.2d 932, 952-953 (S.D. Iowa 2007) (forfeiting the gross proceeds of a large health care fraud scheme,

14

not just the proceeds of the 82 executions of the scheme); see also
United States v. Capoccia, 503 F.3d 103, 117-18 (2d Cir. 2007)
(distinguishing scheme offenses such as in Boesen from discrete
offenses, for purposes of determining forfeitable proceeds).

1        **COURT'S FORFEITURE INSTRUCTION NO. _____**

2      **[PROPOSED FORFEITURE INSTRUCTION NO.  12]**

3  **[Forfeiture Based on Bribery Conviction or Conspiracy to Commit Such**

4          **Offense Under 18 U.S.C. § 981(a)(1)(C)]**

5

6        The government seeks to forfeit the following property pursuant

7   to the findings of guilt on each of Counts One through Four:

8        All of the convicted defendant's right, title and interest in

9   certain real property located in County of Placer, State of

10  California identified by Assessors Parcel Number 085-260-034-000;

11        The government contends that the property described above

12  constitutes or is derived from proceeds obtained, directly or

13  indirectly, as a result of the commission of the offense of which the

14  defendant was found guilty or is traceable thereto, and is therefore

15  subject to forfeiture to the United States pursuant to Title 18,

16  United States Code, Section 981(a)(1)(C).

17        If you conclude that the government has proved by a

18  preponderance of the evidence that the property listed above

19  constitutes or is derived from proceeds the defendant obtained,

20  directly or indirectly, as a result of the violation(s) of which

21  defendant has been found guilty, you must find that such property is

22  forfeitable to the United States.

23

24

25  _____

26  Source: Federal Rule of Criminal Procedure 32.2; 18 U.S.C. §

27  981(a)(1)(C); 18 U.S.C. § 981(a)(2)(A); United States v. Lazarenko,

28  504 F. Supp. 2d 791, 796-97 (N.D. Cal. 2007) (Rule 32.2(a) requires

16

only that the indictment give notice of the forfeiture in generic terms; that the Government did not itemize all of the property subject to forfeiture until much later was of no moment; older cases holding that property had to be listed in the indictment are no longer good law); Rule 32.2(b)(2)(A) (The only question to be determined during the forfeiture phase is whether the evidence submitted during the guilt phase, together with any additional evidence received during the forfeiture phase, establishes by a preponderance of the evidence that there is the requisite nexus between the underlying crime(s) of conviction and the property sought to be forfeited by the government. "If the court finds that the property is subject to forfeiture, it must promptly enter a preliminary order of forfeiture . . . directing the forfeiture of specific property . . . ."); United States v. Monsanto, 491 U.S. 600, 607 (1989) ("Congress could not have chosen stronger words to express its intent that forfeiture be mandatory in cases where the statute applied."); United States v. Newman, 659 F.3d 1235, 1240 (9th Cir. 2011) (following Monsanto: "When the Government has met the requirements for criminal forfeiture, the district court must impose criminal forfeiture, subject only to statutory and constitutional limits"); id. ("[T]he district court has no discretion to reduce or eliminate mandatory criminal forfeiture"); Lazarenko, 476 F.3d at 648 ("Upon a finding that the property involved is subject to forfeiture, a court must promptly enter a preliminary order of forfeiture without regard to a third party's interests in the property"); United States v. Nava, 404 F.3d 1119, 1132 (9th Cir. 2005) (district court properly instructed jury that questions of ownership "were not before them"; jury's return of special verdict of forfeiture silent on the issue of

17

1  ownership of the property); United States v. Yeje-Cabrera, 430 F.3d
2  1, 15 (1st Cir. 2005) (explaining that the primary purpose of Rule
3  32.2(b)(2) was to preserve the resources of the court and third
4  parties by deferring the ownership issue to the ancillary proceeding,
5  thus avoiding duplicative litigation); United States v. Andrews, 530
6  F.3d 1232, 1236 (10th Cir. 2008) (once forfeitability is determined,
7  the court does not – "and indeed may not" -- determine ownership;
8  that issue is deferred to the ancillary proceeding); Lazerenko, 476
9  F.3d at 648; *Gaskin*, 2002 WL 459005, at *9 n.4 (ownership is a
10 question for the court alone to determine in the ancillary
11 proceeding), aff'd*,* 364 F.3d 438 (2d Cir. 2004); United States v.
12 Christensen*,* 828 F.3d 763 (9th Cir. 2015) (The standard of proof
13 regarding the criminal forfeitability of property is preponderance of
14 the evidence) (fraud)*;* United States v. Kalish, 626 F.3d 165, 168 (2d
15 Cir. 2010); United States v. Garcia-Guizar, 160 F.3d 511, 518 (9th
16 Cir. 1998) (preponderance standard is constitutional because criminal
17 forfeiture is not a separate offense, but only an additional penalty
18 for an offense that was established beyond a reasonable doubt);
19 United States v. Hernandez-Escarsega, 886 F.2d 1560, 1576-77 (9th
20 Cir. 1989) (interpreting identical language in 21 U.S.C. § 853, the
21 forfeiture statute applicable to most criminal forfeiture
22 proceedings).

23
24
25
26
27
28

1

2

3

4

**COURT'S FORFEITURE INSTRUCTION NO. _____**

**[PROPOSED FORFEITURE INSTRUCTION NO.  13]**

**[Scope of 18 U.S.C. §982(a)(1)]**

5    Property subject to forfeiture as property involved in a

6  violation of Section 1957 of Title 18 of the United States Code

7  (Counts Five and Six) includes:

8    1.   The money or other property that was the subject of the

9  financial transaction that constituted the money laundering

10  violation; and

11    2.   Any property used to facilitate such a violation.

12    Property may be the subject of the financial transaction in a

13  number of ways.  For example, the property may be the proceeds of the

14  underlying specified unlawful activity which were used to conduct the

15  transaction; it may be property that was commingled with those

16  proceeds at the time the financial transaction took place; or it may

17  be property that was obtained as part of an exchange or purchase that

18  constitutes the violation for which a defendant has been found

19  guilty.

20    Property that was used to facilitate the money laundering

21  transaction may include property that was not part of the transaction

22  itself, but was used to make the money laundering offense easier to

23  commit or harder to detect.

24    Property that is traceable to the property described in

25  (1) and (2) above in this instruction is also subject to forfeiture.

26  The phrase "any property traceable to" such property includes any

27  property which was exchanged for, derived from, or obtained with any

28  of the property involved in the underlying money laundering crime.

For example, property involved in a money laundering violation may be used to acquire, improve, or maintain real or personal property in a transaction that is not a money laundering violation, but that real or personal property is forfeitable because it can be traced to property that was involved in the money laundering violation. Property is forfeitable as traceable to property that was involved in a money laundering even if some untainted funds were also used to purchase, improve or maintain the property.

_____

Source: 18 U.S.C. § 982(a)(1); United States v. Cherry, 330 F.3d 658, 669 n.17 (4th Cir. 2003) (court properly instructed jury that it had to find that property "fairly represents the property which was involved in, or is traceable to property involved in" the money laundering counts); United States v. Huber, 404 F.3d 1047, 1058 (8th Cir. 2005) (the specified unlawful activity proceeds involved in a financial transaction, as well as any clean money commingled with it, constitute the corpus of the money laundering transaction; both are subject to forfeiture); United States v. Stewart, 185 F.3d 112, 129-30 (3d Cir. 1999) (tainted funds traced into account which held untainted funds were forfeitable as "involved in" and "traceable to" money laundering); United States v. Nicolo, 597 F. Supp. 2d 342, 355 (W.D.N.Y. 2009) (if funds in bank account are subject to forfeiture as property involved in money laundering, then vehicle purchased with those funds is forfeitable as property traceable to such property); United States v. Hawkey, 148 F.3d 920, 927-28 (8th Cir. 1998) (property "traceable to" the laundering violation and any

appreciation in value is forfeitable; entire motor home forfeitable even if untainted funds added to value of it).

**COURT'S FORFEITURE INSTRUCTION NO. _____**

**[PROPOSED FORFEITURE INSTRUCTION NO.  14]**

**[Forfeiture Based on Monetary Transaction in Property Derived from Specified Unlawful Activity Under 18 U.S.C. § 982(a)(1)]**

The government seeks to forfeit the following property pursuant to the findings of guilt on each of Counts Five and Six: real property located in the County of Placer, State of California, APN 085-260-034-000.

The government contends that the property described above was involved in or traceable to the monetary transactions violations for which defendant was found guilty, and is therefore subject to forfeiture to the United States pursuant to Title 18, United States Code, Section 982(a)(1).

If you conclude that the government has proved by a preponderance of the evidence that the property listed above was involved in such offense, or traceable to the violation(s) of which the defendant has been found guilty, you must find that such property is forfeitable to the United States.

---

Source: Federal Rule of Criminal Procedure 32.2; 18 U.S.C. § 982(a)(1)

22

**COURT'S FORFEITURE INSTRUCTION NO. _____**

**[PROPOSED FORFEITURE INSTRUCTION NO.  15]**

**[Special Verdict Form]**

A Special Verdict Form has been prepared for your use.  With respect to the property listed or described, you are asked to decide whether it is subject to forfeiture to the government based on the reasons I have explained to you.  Your decision must be unanimous. Indicate on the verdict form whether you find that the property listed is subject to forfeiture, and then the foreperson should sign and date the form.

Source: Federal Rule of Criminal Procedure 32.2(b)(1); 18 U.S.C. § 981; Libretti v. United States, 516 U.S. 29, 133 L. Ed. 2d. 271, 116 S. Ct. 356, 365 (1995).