1  STEVEN F. GRUEL (SBN213148)
   315 Montgomery Street, 10th Floor
2  San Francisco, CA 94104
3  Phone: 415-533-6973
   Email: attystevengruel@sbcglobal.net
4  www.gruellaw.com

5  Attorney for BABAK BROUMAND

6

7

8                       UNITED STATES DISTRICT COURT

9
                   FOR THE CENTRAL DISTRICT OF CALIFORNIA
10

11

12  THE UNITED STATES OF AMERICA,     )   Case Number: CR-20-224-RGK
                                       )
13        Plaintiff,                   )
                                       )
14                                     )
                                       )   **DEFENDANT BABAK BROUMAND'S**
15                                     )   **EMERGENCY MOTION FOR A**
                                       )   **REASONABLE CONTINUANCE FOR**
16                                     )   **EFFECTIVENESS OF COUNSEL IN THE**
                                       )   **INTERESTS OF JUSTICE AND TO ENSURE**
17                                     )   **FUNDANMENTAL DUE PROCESS IN LIGHT**
                                       )   **OF THE GOVERNMENT'S NEW *BRADY***
18                                     )   **MATERIAL LESS THAN 10 HOURS AGO**
                                       )
19                                     )
                                       )
20                                     )
                                       )
21              v.                     )
                                       )
22                                     )
                                       )   **HONORABLE R. GARY KLAUSNER**
23  BABAK BROUMAND,                    )
                                       )   **Trial Date: September 13, 2022 at 9:00 am**
24        Defendant.                   )
                                       )
25  _____   )

26

27      Defendant, Babak Broumand, by and through his attorney, Steven F. Gruel, hereby

28  respectfully submits this DEFENDANT BABAK BROUMAND'S EMERGENCY MOTION

FOR A REASONABLE CONTINUANCE FOR EFFECTIVENESS OF COUNSEL, IN THE INTERESTS OF JUSTICE AND TO ENSURE FUNDANMENTAL DUE PROCESS IN LIGHT OF THE GOVERNMENT'S NEW BRADY MATERIAL LESS THAN 10 HOURS AGO.

### EMERGENCY MOTION FOR REASONABLE CONTINUANCE

At 11:30 p.m., less than 10 hours ago, the government dropped a bombshell on the defense.  E.S. latest admission goes to the very heart of our legal system.

E.S. confessed to the prosecution team than he was *never a California lawyer*.  It gets worse. E.S. also confessed that he paid Pillar Law Group "partner" H.M.  $20,000 a month to study for the Bar exam and then assume E.S.'s identity so that H.M. could take the California bar exam for him.  To fool the California State Bar, E.S. paid his credit card scam partner H.M. to make phony identification documents for H.M. to appear as E.S.  So as not to be recognized in southern California, the conspirators traveled to Sacramento to use the phony identification documents to fool the test's security system. H.M. received a Rolex watch for passing the state bar for E.S.

E.S. also confessed that Pillar Law Group was a sham in that the three partners stole from their clients' trust funds. Moreover, the partners all were in involved in the massive credit card scam that was funneled through Pillar Law Group.

 Because FBI report writing can't keep up with E.S.'s waterfall of lies and to accurately make the record on this issue, the content of the prosecution's 11:30 pm email is below:

  "This evening, E.S. disclosed the following:

In early 2014, ES discussed with HM paying HM to take the California Bar Exam, posing as ES.  He offered HM $20,000.00 per month to study for the bar.  AK was present during these discussions.  At some point, HM told ES that he (HM) was not comfortable taking the next upcoming bar exam (July 2014).  Thus, ES and HM agreed HM would take the February 2015 bar exam, posing as ES.  ES' recollection is that he paid HM to study for the bar, and ES, AK, and HM traveled to Sacramento in February 2015 where HM took the California Bar, posing as ES.  AK was aware of this plan and helped in the planning process.

1    ES said that enlisted the aid of HM to create a fictitious driver's license with ES' name and

2    HM's likeness.  HM did so.  HM used that driver's license to take the California Bar in February

3    2015, posing as ES.

4    ES and HM discussed that during the fingerprinting process that occurs at the testing

5    location, HM intentionally smeared his fingerprint.  ES said that HM got at least one detail

6    incorrect when filling out some autobiographical information in a testing location form.

7    When test results were released, and ES learned that HM had been successful on the test,

8    ES bought HM a Rolex watch, which HM lost in Miami.   ES said that in May of 2016, when ES,

9    AK and HM traveled to the Bay Area for ES to be sworn in, ES told AK and HM that this secret

10   (that HM took the bar for ES) must die with the three men.  ES believed the only individuals who

11   knew this information were ES, AK, and HM, although he is not sure if either man shared this

12   information with anyone else.

13   ES further stated that ES engaged in credit card fraud with AK and ES.  Specifically, ES

14   utilized merchant accounts controlled by HM and AK to charge credit cards obtained through

15   identity theft.  ES would give AK and HM 20 percent of the profits.

16   ES also said that HM and AK were aware that ES was using the Pillar merchant accounts

17   to run credit cards obtained via fraud.  When asked why he (ES) had previously told the trial team,

18   as recently as yesterday, that AK and HM had no knowledge that ES was using the Pillar merchant

19   accounts to run credit cards obtained via identity theft, ES explained that he did not want to

20   disclose AK or HM's criminal involvement because he was concerned that they would disclose

21   that ES never truly passed the California Bar.  ES stated that he also wanted to protect AK and

22   HM.

23   ES also stated that at Pillar Law Group, the partners misused client trust account funds by

24   borrowing from the funds.

25   Further, ES stated that his primary concern and reason for not disclosing that HM took the

26   California Bar posing as ES earlier was because he was concerned that his wife would find out

27   that he did not truly pass the California Bar."

28

1    Why the government hasn't torn-up E.S.'s cooperation plea agreement and moved to

2    remand E.S. into custody is absolutely shocking.  Apparently, a criminal cooperator can lie for

3    over 5 years to the Los Angeles United States Attorney with impunity.

4    However, apart from the 5,000 Bates Numbered pages of cell phone extractions dumped

5    on the defense late August, 2022 because E.S. "just found this phone after 6 years," this latest

6    *Brady* material dictates a reasonable continuance to effectively grasp, investigate and prepare this

7    evidence for trial.  Frankly, the Los Angeles United States Attorney's office should be seeking a

8    continuance to investigate the scope of the Brady material stemming from E.S.'s shocking

9    disclosure.  Certainly, the California State Bar and the California State Attorney General need to

10   be contacted to fully investigate the admissions of state bar fraud and stolen client funds.

11   The United States Pretrial Department needs to be informed of these latest incriminations to

12   now fully determine whether E.S. is a flight risk.

13   Possibly this Court will find that E.S.'s confessions adversely affect the verdict in the Felix

14   Cisneros trial.  The federal Court in Utah may find that these E.S.'s latest admissions impact the

15   convictions in the Levon Termendzyhan trial because these lies were never revealed to the Grand

16   Jury or IRS investigators in that prosecution.   Since 2016, E.S. likely signed pleadings,

17   declarations, tax returns, and documents as an "attorney."  There are numerous possible frauds

18   E.S. likely engaged in all flowing from his fraudulent portrayal as an attorney. The malpractice

19   and civil claims against E.S. and the partners of Pillar Law Group could form a class action likely

20   nondischargeable in bankruptcy.

21   What is absolutely clear, however, is that Babak Broumand should not be denied full due

22   process or fundamental fairness because E.S. chose to hold and then drop these incriminating

23   bombshells 10 hours before trial starts.  The magnitude, scope and length of these E.S. scams and

24   lies warrant full defense investigation and cannot be shrugged-off with a "you can explore that in

25   cross-examination of E.S."

26   The defense seeks a reasonable continuance. Undersigned counsel has an ethical

27   responsibility to inform this Court that without a reasonable continuance he cannot effectively

28

represent Babak Broumand in this case.  Ethically, defense counsel might be left with no choice but to seek the Court's permission to withdraw from this case given the posture created by E.S. In light of defense counsel's years of experience in federal criminal law, a lack of a reasonable continuance denies Mr. Broumand fundamental due process.  Mr. Broumand's rights should not be violated because of these latest actions by E.S.

Respectfully submitted,

Dated: September 13, 2022

By: */s/ Steven F. Gruel*_____
STEVEN F. GRUEL, ESQ.
Attorney for BABAK BROUMAND

### SUPPORTING DECLARATION OF STEVEN F. GRUEL

I, Steven F. Gruel, under penalty of perjury, declare and state as follows:

1.  I represent defendant Babak Broumand in the above captioned matter.

2.  The above facts stated in this Emergency Motion are true and correct to the best of my knowledge.  Without a reasonable continuance, ethically, I may have to seek the Court's permission to withdraw from this case.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct, and that this declaration is executed this 13th day of September, in Los Angeles, California.

/Steven F. Gruel
STEVEN F. GRUEL