1  STEPHANIE S. CHRISTENSEN
   Acting United States Attorney
2  SCOTT M. GARRINGER
   Assistant United States Attorney
3  Chief, Criminal Division
   RUTH C. PINKEL (Cal. Bar No. 164470)
4  Assistant United States Attorney
   Public Corruption and Civil Rights Section
5  MICHAEL J. MORSE (Cal Bar No. 291763)
   JUAN M. RODRIGUEZ (Cal. Bar No. 313284)
6  Assistant United States Attorneys
   General Crimes Sections
7       1500/1100/1200 United States Courthouse
        312 North Spring Street
8       Los Angeles, California 90012
        Telephone:  (213) 894-6077/7367/0304
9       Facsimile:  (213) 894-0141
        E-mail:     ruth.pinkel@usdoj.gov
10                  michael.morse@usdoj.gov
                    juan.rodriguez@usdoj.gov
11
   Attorneys for Plaintiff
12 UNITED STATES OF AMERICA

13                  UNITED STATES DISTRICT COURT

14            FOR THE CENTRAL DISTRICT OF CALIFORNIA

15 UNITED STATES OF AMERICA,          No. CR 20-00224(A)-RGK

16            Plaintiff,              GOVERNMENT'S MOTION IN LIMINE No.
                                      1 TO EXCLUDE ANY REFERENCE TO THE
17              v.                    PREVIOUSLY SCHEDULED JURY TRIAL
                                      DATE OF SEPTEMBER 13, 2022
18 BABAK BROUMAND,
                                      Trial Date:  September 20, 2022
19            Defendant.
                                      Location:  Courtroom 850 Roybal
20                                    Federal Building

21

22

23       Plaintiff United States of America, by and through its counsel

24 of record, the Acting United States Attorney for the Central District

25 of California and Assistant United States Attorneys Ruth C. Pinkel

26 Michael J. Morse, and Juan M. Rodriguez, hereby moves in limine to

27 exclude any reference at trial to the previously scheduled jury trial

28 date of September 13, 2022.  Such evidence is not relevant, pursuant

1  to Federal Rules of Evidence 401 and 402, as it has no tendency to

2  make a fact of consequence more or less probable.  Thus, there is no

3  probative value to such evidence.  Additionally, even assuming

4  evidence of the previously scheduled jury trial date has some

5  probative value, such evidence would be unfairly prejudicial pursuant

6  to Federal Rule of Evidence 403, as it will confuse and mislead the

7  jury, leading them to speculate regarding jury trial scheduling

8  issues, which is not properly within the jury's purview or

9  consideration.

10      This motion is based upon the attached memorandum of points and

11  authorities, the attached exhibits, the files and records in this

12  case, and such further evidence and argument as the Court may permit.

13   Dated: September 16, 2022        Respectfully submitted,

14                                    STEPHANIE S. CHRISTENSEN
                                      Acting United States Attorney
15
                                      SCOTT M. GARRINGER
16                                    Assistant United States Attorney
                                      Chief, Criminal Division
17

18       */s/ Ruth C. Pinkel*
                                      _____
                                      RUTH C. PINKEL
19                                    MICHAEL J. MORSE
                                      JUAN M. RODRIGUEZ
20                                    Assistant United States Attorneys

21                                    Attorneys for Plaintiff
                                      UNITED STATES OF AMERICA

22

23

24

25

26

27

28

ii

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    INTRODUCTION AND SUMMARY**

The government has a good faith belief that defendant may attempt to adduce evidence or make mention during opening statement, direct testimony, cross examination, or closing argument, of the previously scheduled jury trial date of September 13, 2022, in an effort to impeach the credibility of the government's cooperating witness.  In short, the defendant may attempt to introduce evidence suggesting the government's cooperating witness disclosed certain information "the night before trial."  But such evidence, if admitted, would invite the jury to speculate regarding procedural matters, and potentially open the door to litigation on the collateral issue of why the September 13, 2022 jury trial was continued.  As the Court is well aware, jury trial dates are often continued for a myriad of reasons.  Evidence of such procedural matters is not properly considered by a jury, and thus, this Court should exclude any reference to the previously scheduled jury trial date of September 13, 2022.

**II.   RELEVANT FACTUAL SUMMARY**

On June 30, 2021, a grand jury charged defendant in a six-count First Superseding Indictment with conspiracy to commit bribery of a public official, in violation of 18 U.S.C. § 371 (Count One), with additional overt acts, bribery of a public official in violation of 18 U.S.C. § 201 (Counts Two, Three, and Four), monetary transactions in property derived from specified unlawful activity, in violation of 18 U.S.C. § 1957 (Counts Five and Six), and two forfeiture

1   allegations. (Dkt. 49.)   (The original indictment was returned on

2   June 12, 2020.)[1]

3       On August 19, 2022, the Court set trial for September 13, 2022.

4   (Dkt. 169.)   On September 1, 2022, defendant moved ex parte to

5   continue trial to September 20, 2022.  (Dkt. 181.)   The government

6   opposed[2].   (Dkt. 182.)   On September 2, 2022, the Court denied

7   defendant's motion.   (Dkt. 183.)

8       On September 12, 2022, the government's cooperating witness made

9   certain statements, which the government disclosed to the defense on

10  the same date.   Defendant then filed an "emergency motion" to

11  continue trial on September 13, 2022.   (Dkt. 204.)   On September 13,

12  2022, after hearing argument, the Court granted defendant's motion.

13  (Dkt. 208.)

14  **III.  RELEVANT LEGAL STANDARDS**

15      **A.    Rule 401/402**

16      Evidence is relevant if "it has any tendency to make a fact more

17  or less probable than it would without the evidence," and "the fact

18  is of consequence in determining the action.  Fed. R. Evid. 401.

19  Irrelevant evidence is not admissible.  Fed. R. Evid. 402.  Assessing

20  probative value of proffered evidence and weighing any factors

21  counseling against admissibility, such as danger of unfair prejudice,

22  is a matter first for the district court's sound judgment.

23  Sprint/United Co. v. Mendelsohn, 522 U.S. 379, 384 (2008).

24

25      [1] In the interests of brevity, the government incorporates by
    reference its factual recitations in prior motions and the
26  Government's Trial Memorandum.

27      [2] Though the government opposed, on Pacer, its opposition was
    incorrectly labeled as "in support" of defense's ex parte
28  application.

2

1 **B.    Rule 403**

2       This court has broad discretion to "exclude relevant evidence if

3   its probative value is substantially outweighed by a danger" of,

4   *inter alia*, unfair prejudice, confusing the issues, misleading the

5   jury, or wasting time.  See Fed. R. Evid. 403.  See also Tennison v.

6   Circus Circus Enterps., Inc., 244 F.3d 684, 690 (9th Cir. 2001)

7   (district court's properly precluded testimony that "might have

8   resulted in a 'mini trial'" that would be an inefficient allocation

9   of trial time).  Rule 403 permits the Court to exclude evidence

10  because of prejudicial dangers or considerations.  United States v.

11  Hankey, 203 F.3d 1160, 1172 (9th Cir. 2000).  Fed. R. Evid.

12  403.  Unfair prejudice under Rule 403 means danger of "undue tendency

13  to suggest decision on an improper basis, commonly though not

14  necessarily, an emotional one."  Hankey, 203 F.3d 1160, 1172-72 (9th

15  Cir. 2000) (quotations omitted).  Among the factors justifying

16  exclusion of evidence are danger of jury prejudice, danger of jury

17  distraction by creation of side issues, and consumption of undue

18  amounts of trial time. U.S. v. Gorman, 393 F.2d 209, 212 (7th Cir.

19  1968).

20      Where there is no justifiable reason to raise issues before a

21  jury, the Court should grant the motion and exclude such evidence and

22  argument under Rules 401, 402, and 403. See United States v. Hearst,

23  563 F.2d 1331, 1341 (9th Cir. 1977) (trial court has broad

24  discretion); Hamling v. United States, 418 U.S. 87, 127 (1974)

25  (district court has wide latitude in requiring evidence be presented

26  to jury in manner least likely to confuse).  Further, "[n]either a

27  defendant nor his attorney has a right to present to a jury evidence

28  that is irrelevant to a legal defense to, or an element of, the crime

3

charged.  Verdicts must be based on the law and the evidence, not on jury nullification as urged by either litigant." <u>Zal v. Steppe</u>, 968 F.2d 924, 930 (9th Cir. 1992) (Trott, J., concurring).

**IV.   ARGUMENT**

    **A.   EVIDENCE OF THE PREVIOUSLY SCHEDULED JURY TRIAL DATE IS IRRELEVANT**

Any reference during opening statements, direct testimony, cross examination, or closing argument to the previously scheduled trial date of September 13, 2022 would be irrelevant, as it has no probative value to any fact of consequence.  The defendant has been charged with bribery and money laundering related offenses.  That there was a trial date set for September 13, 2022 is of no consequence, and cannot be used by any reasonable jury to reach a determination on any fact of consequence, because it has no bearing on the nature or the elements of the charges.  Simply put, it is wholly irrelevant.

    **B.   EVIDENCE OF THE PREVIOUSLY SCHEDULED JURY TRIAL DATE IS INADMISSIBLE UNDER RULE 403**

There is no probative value in the jury hearing evidence of the previously scheduled trial date of September 13, 2022.  But even if there was any probative value, it would be negligible and substantially outweighed by a danger of unfair prejudice, confusion of the issues, misleading the jury and jury distraction by side issues.

Here, the defense filed an emergency motion requesting a "reasonable continuance" based on information provided by the prosecution.  The Court granted the defense's motion.  Thus, the defendant got the benefit of additional time to prepare.  He should not now be allowed to use *his* continuance request, and the Court's

4

1   granting of it, as a sword to confuse the jury.  Again, a one-week

2   trial continuance has no bearing on the nature of the charges or

3   their elements.  This case has been continued many times, as is not

4   uncommon in complex criminal cases.  Simply stated, when, why, how,

5   the number of times, or the dates a trial has been continued is of no

6   matter for the jury.  The jury should not be invited to speculate on

7   procedural issues and to allow the jury to do so would be improper.

8        Indeed, it would only serve to inflame the passions of the jury

9   as to whether defendant is properly on trial.  Defendant does not

10  have a "right to present to a jury evidence that is irrelevant to a

11  legal defense to, or an element of, the crime charged" and if

12  defendant is allowed to reference the previous trial date of

13  September 13, 2022 he would be doing exactly that.  See Steppe, 968

14  F.2d at 930 (Trott, J., concurring).  Such evidence, if allowed to be

15  introduced, would open the door to the prosecution presenting

16  evidence showing the defendant initially requested a trial

17  continuance, thus creating a slippery slope of collateral issues and

18  certainly creating an undue waste of time.

19  **V.    CONCLUSION**

20       For the foregoing reasons, this Court should exclude any

21  reference to the previously scheduled jury trial of September 13,

22  2022.

23

24

25

26

27

28

5