STEVEN F. GRUEL (SBN213148)
315 Montgomery Street, 10th Floor
San Francisco, CA 94104
Phone: 415-533-6973
Email: attystevengruel@sbcglobal.net
www.gruellaw.com

Attorney for BABAK BROUMAND

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE UNITED STATES OF AMERICA, | Case Number: CR-20-224-RGK |
| Plaintiff, | |
| | **DEFENDANT BABAK BROUMAND'S MOTION FOR JUDGEMENT OF ACQUITTAL PURSUANT TO RULE 29 OF THE FEDERAL RULES OF CRIMINAL PROCEDURE** |
| v. | |
| | **HONORABLE R. GARY KLAUSNER** |
| BABAK BROUMAND, | |
| Defendant. | |
| _____ | |

Defendant, Babak Broumand, by and through his attorney, Steven F. Gruel, hereby respectfully submits this DEFENDANT BABAK BROUMAND'S MOTION FOR JUDGEMENT

OF ACQUITTAL PURSUANT TO RULE 29 OF THE FEDERAL RULES OF CRIMINAL PROCEDURE.

## RULE 29 MOTION FOR JUDGEMENT OF ACQUITAL

Federal Rules of Criminal Procedure Rule 29 provides that the "court on the defendant's motion must enter a judgement of acquittal of any offense for which evidence is insufficient to sustain a conviction." Fed. R. Crim. P. 29. Although the Court must view the evidence in the light most favorable to the government when considering a motion for judgement of acquittal, the government still bears the burden of proving a defendant's guilt beyond a reasonable doubt.

Furthermore, "[w]here a fact to be proved is also an element of the offense . . . which is usually established only by inference, it is not enough that the inferences in the government's favor are permissible. *United States v. Wasquez-Chan*, 978 F.2d 546, 549 (10th Cir. 1992). Therefore, when "the evidence is viewed in the light most favorable to the prosecution gives equal or nearly equal circumstantial support to a theory of guilt and a theory of innocence, then a reasonable jury must necessarily entertain a reasonable doubt." United States v. Glenn, 312 F.3d 58, 70 (2nd Cir. 2002).

The evidence at the end of the government's case and at the end of trial support granting the defendant's Rule 29 motion for Judgement of Acquittal. The government has failed to prove that Mr. Broumand acted corruptly in accepting anything of value from E.S. In fact, all of the government's counts charged in the First Superseding Indictment can be traced to the ever-changing story by E.S. As this Court knows, E.S. is a serial liar who for 6-7 years while cooperating with law enforcement concealed the fact that he was never a licensed attorney. The bombshell of fraud with the California State Bar, coupled with the numerous times E.S. lied under oath that he was an attorney, clearly supports the inference that E.S. was lying all the while about

a corrupt relationship with Mr. Broumand.  Put another way, the Rule 29 motion not only finds traction based upon E.S.'s lack of credibility, it supports granting the defense motion.

Moreover, the trial evidence shows that the government engaged in an impermissible variance of evidence and charges beyond the charges contained in the First Superseding Indictment.  The defense filed a Bill of Particulars in this case.  On November 24, 2021, the Court denied the motion. (Dkt. #83).  Essentially, the Court ruled that the FSI contained sufficient notice of the alleged acts supporting the charges.

However, on numerous occasions the government's trial evidence and arguments went far beyond the four corners of the FSI.  For example, claims of assisting in finding information surrounding H.N.'s April, 2016 arrest, obtaining Demerol for E.S.'s associate or requesting $30,000 in 2017 are not part of the FSI.  Such inflammatory evidence tainted the entire trial while violating all notice requirements for Mr. Broumand.

Additionally, no clear official "duty" was identified, much less shown to have been violated in exchange for a "thing of value" throughout the trial. This fatal flaw applies not only to the accusations seen in the government's variance, but also in the FSI's charged counts.

Simply put, the government has failed to prove beyond a reasonable doubt all of the elements for each count in the FSI. Consequently, Mr. Broumand's Motion for Acquittal in accordance with Rule 29 should be granted.

Respectfully submitted,

Dated: October 3, 2022

By: /s/ *Steven F. Gruel*_____
STEVEN F. GRUEL, ESQ.
Attorney for BABAK BROUMAND