UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CRIMINAL MINUTES - GENERAL

| Case No. | 2:20-cr-00224-RGK-1 | Date | November 15, 2022 |
|---|---|---|---|
| Title | *USA v. Babak Broumand* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE |
|---|---|

| Joseph Remigio (not present) | Not Reported | Ruth C. Pinkel |
|---|---|---|
| *Deputy Clerk* | *Court Reporter / Recorder* | *Assistant U.S. Attorneys* |

| U.S.A. v. Broumand | Present | Cust | Bond | Attorneys for Defendants: | Present | App | Ret |
|---|---|---|---|---|---|---|---|
| | | X | | Steven F. Gruel | | | X |

**Proceedings:** (IN CHAMBERS) Order Re: Defendant's Post-Trial Motions [DEs 222, 243, 244]

## I.   INTRODUCTION

On June 30, 2021, a grand jury returned a six-count First Superseding Indictment ("FSI") that charged Babak Broumand ("Defendant") with conspiracy to commit bribery of a public official, bribery, and money laundering. (*See* FSI, ECF No. 49.) The FSI also included two forfeiture allegations. (*See id.* at 17–20.) The case proceeded to trial on September 20, 2022. After 11 days, a jury found Defendant guilty on four of the six counts, while also finding that the Government had not sufficiently proven the forfeiture allegations. (Verdict Form, ECF No. 235; Forfeiture Special Verdict Form, ECF No. 237.) Upon return of the verdict, the Court ordered Defendant remanded to custody. (*See* Minutes of Jury Trial – 11th Day, ECF No. 228.)

Presently before the Court are: (1) Defendant's Motion for Judgment of Acquittal pursuant to Federal Rule of Criminal Procedure ("Rule") 29; (2) Defendant's Motion for Reconsideration of the Court's Remand Order; and (3) Defendant's Renewed Motion for Judgment of Acquittal or, in the alternative, Motion for New Trial pursuant to Rule 33. (ECF Nos. 222, 243, 244.) For the following reasons, the Court **DENIES** Defendant's Motions.

## II.   FACTUAL BACKGROUND

The First Superseding Indictment alleged:

Defendant was a Federal Bureau of Investigation ("FBI") agent who used his position to help an individual engaged in criminal activity ("E.S.") and his associates avoid law enforcement in exchange for monthly payments of approximately $10,000. E.S. would also occasionally give Defendant other items of value, including a Ducati motorcycle, private airplane flights, hotel stays, escorts, and meals. Defendant helped E.S. avoid law enforcement by accessing law enforcement databases to determine, at

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

| Case No. | 2:20-cr-00224-RGK-1 | Date | November 15, 2022 |
|---|---|---|---|
| Title | *USA v. Babak Broumand* | | |

E.S.'s request, whether certain individuals were under investigation. If someone was not under investigation, Defendant would inform E.S. that it was "ok" to work with that individual. If he discovered that a person was being investigated, Defendant would warn E.S. to "stay away." (FSI at 3.) Also, to hide the nature of their relationship, Defendant and E.S. agreed to falsely represent that E.S. was Defendant's confidential source (or at least a potential source). Defendant also submitted FBI reports containing false information, lied to fellow agents about ongoing investigations, and engaged in various other criminal activities with E.S.

Count One charged Defendant with conspiracy to commit bribery in violation of 18 U.S.C. § 371. The remaining counts pertained to three specific instances of bribery (18 U.S.C. § 201(b)(2)(C)) and/or money laundering (18 U.S.C. §§ 1957(a), 2(b)):

- **Count Two**: On April 29, 2015, E.S. gifted Defendant a Ducati motorcycle and accessories worth approximately $36,000.
- **Counts Three and Five**: On September 30, 2015, Defendant asked for, and received, a $30,000 cashier's check from E.S. That check was made payable to "Love Bugs," a hair-lice removal salon owned by Defendant, and then funds traceable to the check were used to purchase a house in Lake Tahoe, California.
- **Counts Four and Six**: Defendant asked for, and received, a $30,000 personal check from E.S. made payable to Broumand's mother. Defendant once again allegedly used funds traceable to this check to purchase the Lake Tahoe house.

At trial, the jury found Defendant guilty on Counts One, Two, Three, and Five, but not guilty on Counts Four and Six. The jury also found that Defendant's Lake Tahoe house was not subject to forfeiture, despite the Government's allegations that criminal proceeds had been used to purchase the property.

**III.   JUDICIAL STANDARD**

    **A.   Rule 29 Acquittal**

Rule 29(a) provides that "the court on the defendant's motion must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction." Fed. R. Crim. P. 29(a). "[T]here is sufficient evidence to sustain a conviction if, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Magallon-Jimenez*, 219 F.3d 1109, 1112 (9th Cir. 2000). A count considering the sufficiency of the evidence "must respect the exclusive province of the jury to determine the credibility of the witnesses, resolve evidentiary conflicts, and draw reasonable inferences from proven facts, by assuming that the jury resolved all such matters in a manner which

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

| Case No. | 2:20-cr-00224-RGK-1 | Date | November 15, 2022 |
|---|---|---|---|
| Title | *USA v. Babak Broumand* | | |

supports the verdict." *United States v. Ramos*, 558 F.2d 545, 546 (9th Cir. 1977). Circumstantial evidence and inferences drawn from it are sufficient to sustain a conviction. *See, e.g., United States v. Reyes-Alvarado*, 963 F.2d 1184, 1187 (9th Cir. 1992).

  **B.** **Rule 33 New Trial**

  Rule 33(a) provides that "the court may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a). Unlike a Rule 29 motion, a motion for new trial requires that "the court weigh the evidence" and allows the court to "consider the credibility of the trial witnesses." *Brooktree Corp. v. Advanced Micro Devices, Inc.*, 757 F. Supp. 1088, 1094 (S.D. Cal. 1990) (citing *Murphy v. City of Long Beach*, 914 F.2d 183 (9th Cir. 1990); *Fount-Wip, Inc. v. Reddi-Wip, Inc.*, 568 F.2d 1296, 1302 (9th Cir. 1978)). Thus, the standard for granting a new trial is "more liberal" than the standard for acquittal, and "where, in the court's conscientious opinion, the verdict is contrary to the clear weight of the evidence," the court may grant the motion. *Id*. While the court ruling on a motion for new trial "need not view the evidence from the perspective most favorable to the prevailing party," the court still must give "full respect to the jury's findings" in exercising its discretion. *See Landes Constr. Co. v. Royal Bank of Canada*, 833 F.2d 1365, 1371 (9th Cir. 1987) (internal citations omitted).

  **C.** **Detention Pending Sentencing**

  Once a criminal defendant has been "found guilty of an offense" and "is awaiting imposition or execution of a sentence," a judge "shall order" that the defendant "be detained, unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released." 18 U.S.C. § 3143(a)(1).

**IV.** **DISCUSSION**

  Defendant's Motions ask the Court to enter a judgment of acquittal under Rule 29 or, in the alternative, order a new trial under Rule 33. Defendant also asks for reconsideration of the Court's Order remanding Defendant to custody pending sentencing. The Court considers each request in turn.

  **A.** **Acquittal**

  Defendant makes three arguments for acquittal. First, he argues that the jury's finding of not guilty on two counts renders the four guilty verdicts "fatally flawed" because they were "inconsistent." (Def.'s Renewed Mot. J. Acquittal at 2, ECF No. 244.) In addition, he argues that much of the evidence presented at trial was not alleged in the FSI, resulting in either a constructive amendment of the FSI or a prejudicial variance of the FSI's allegations. Finally, he posits (mostly due to these two purported flaws)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

| Case No. | 2:20-cr-00224-RGK-1 | Date | November 15, 2022 |
|---|---|---|---|
| Title | *USA v. Babak Broumand* | | |

that the Government failed to present sufficient evidence to sustain the guilty verdicts.[1] The Court disagrees, addressing each argument in turn.

    1.    <u>Inconsistent Verdicts</u>

The Court can easily dispose of the "inconsistent verdicts" argument. It is well established that "inconsistent verdicts do not warrant relief." *United States v. Lee*, 698 Fed. App'x 876, 877–78 (9th Cir. 2017) (citing *United States v. Powell*, 469 U.S. 57, 67–68). The reason is that it is "equally possible that the jury, convinced of guilt, properly reached its conclusion on [some of the charges], and then through mistake, compromise, or lenity, arrived at an inconsistent conclusion on [a different] offense." *Powell*, 469 U.S. at 65. And "[a]ny concern that the jury may have reached an irrational or unsupported verdict is obviated by the protection of sufficiency-of-the-evidence review." *Lee*, 698 Fed. App'x at 877. Accordingly, Defendant's argument regarding inconsistency of the verdict fails.

    2.    <u>Constructive Amendment or Prejudicial Variance</u>

"A constructive amendment occurs when the defendant is charged with one crime, but in effect, is tried for another crime." *United States v. Pang*, 362 F.3d 1187, 1194 (9th Cir. 2004). A variance, on the other hand, occurs when "the evidence offered at trial proves facts materially different from those alleged in the indictment." *United States v. Von Stoll*, 726 F.2d 584, 586 (9th Cir. 1984). A constructive amendment mandates reversal, but a "variance requires reversal only if it prejudices a defendant's substantial rights." *United States v. Olson*, 925 F.2d 1170, 1175 (9th Cir. 1991).

Defendant argues that three categories of evidence constitute either a constructive amendment or variance: (1) evidence of the bribery conspiracy, insofar as the Government used "evidence involving [Felix] Cisneros [another federal agent] . . . to [] bootstrap and bolster E.S.'s unsupported claims against [Defendant]" (Def.'s Renewed Mot. J. Acquittal at 2); (2) evidence that Defendant assisted E.S. in finding information related to the arrest of E.S.'s colleague, H.N., in April 2016; and (3) evidence that Defendant helped E.S. as he obtained Demerol for a Qatari Sheikh.

Upon review of the record, the Court finds no constructive amendment or variance. As to the first category of challenged evidence, the FSI charged Defendant with conspiracy to commit bribery along with other individuals "known or unknown to the Grand Jury." (FSI at 3.) At trial, the Government introduced statements by Defendant's alleged co-conspirators under Federal Rule of

---

[1] Defendant also argues that certain jury instructions were improper. The Court addresses this argument in its "New Trial" analysis, because "[a] Rule 33 motion for a new trial is the more appropriate method for addressing . . . improper jury instructions." *United States v. Salman*, 2013 WL 6655176, at *2 (N.D. Cal. Dec. 17, 2013) (internal quotation omitted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

| Case No. | 2:20-cr-00224-RGK-1 | Date | November 15, 2022 |
|---|---|---|---|
| Title | *USA v. Babak Broumand* | | |

Evidence 801(d)(2)(E)[2] after laying an evidentiary foundation that E.S., Defendant, Cisneros, and a Glendale police officer named John Balian acted in furtherance of a common goal—ensuring that E.S. was not discovered by law enforcement. Introduction of alleged co-conspirator statements does not result in an amendment or variance when the conspiracy is charged in the indictment.

The second challenged category of evidence relates to actions that were directly alleged in the FSI. Specifically, Overt Act No. 40 alleged that "[o]n April 14, 2016, [E.S.] sent a text message to defendant BROUMAND with the name and birthdate of [E.S's] associate, H.N., on whose home law enforcement served a search warrant that day, and told defendant BROUMAND 'your moral support is priceless.'" (FSI at 9.) The Government presented evidence at trial that Defendant's conduct during and after this exchange was in furtherance of the conspiracy.

Finally, evidence in the third challenged category pertained to Count Two—Defendant accepting the Ducati motorcycle as a bribe—and Overt Act No. 44, Defendant's intentional omission of the Ducati (amongst other alleged bribes) from his FBI financial disclosure form. (*See* FSI at 10, 13.) To wit, the Government presented evidence that E.S. purchased the Ducati for Defendant in exchange for his help searching law enforcement databases to determine whether the Sheikh (who was receiving Demerol from E.S.) had ties to terrorism. The Government presented further corroborating evidence that a month after E.S. purchased the Ducati for Defendant, Defendant offered to get Demerol for E.S. in "non-liquid form." (Trial Ex. 261.)

In short, the evidence above was either expressly alleged in, or directly corroborative of, the allegations in the FSI. The Court thus finds acquittal is not warranted on amendment or variance grounds.

3. *Sufficiency of the Evidence*

The Court now turns to the sufficiency of the evidence presented at trial. Defendant makes two primary arguments: (1) that the Government failed to establish the official duty that Defendant violated in exchange for the items of value he received; and (2) that all of the evidence at trial was traceable to E.S., who is a "serial liar" that likely "was lying all the while about a corrupt relationship with [Defendant]." (Def.'s Mot. J. Acquittal at 2, ECF No. 222.)

As to the first argument, the jury heard testimony from four FBI agents that described the official duties of an FBI agent such as Defendant. As to the second argument, the jury was repeatedly made aware, particularly via Defendant's cross-examination of E.S., that E.S. was less than credible.

---

[2] "A statement that meets the following conditions is not hearsay: . . . [t]he statement is offered against an opposing party and . . . was made by the party's coconspirator during and in furtherance of the conspiracy." Fed. R. Evid. 801(d)(2)(E).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

| Case No. | 2:20-cr-00224-RGK-1 | Date | November 15, 2022 |
|---|---|---|---|
| Title | *USA v. Babak Broumand* | | |

However, the Government provided evidence that corroborated E.S.'s testimony. The Court also instructed the jury that it should "examine the testimony of [E.S.] with greater caution than that of other witnesses." (Jury Instrs., Instr. No. 15, ECF No. 229.) Credibility determinations are the province of the jury, and the jury in this instance found E.S.'s testimony credible. Viewing the evidence in the light most favorable to the prosecution, the Court finds that a reasonable jury could have (and did) find "the essential elements of the crime[s] beyond a reasonable doubt." *Magallon-Jimenez*, 219 F.3d at 1112.

For the foregoing reasons, the Court **DENIES** Defendant's Motion for Judgment of Acquittal.

**B.    New Trial**

Defendant alternatively seeks a new trial. He argues that a new trial is proper for three reasons: (1) two of the Court's jury instructions were improper or vague; (2) many of the Court's pre-trial rulings were incorrectly decided; and (3) the Court should weigh the evidence presented at trial and find that it was "open to multiple interpretations." (Def.'s Renewed Mot. J. Acquittal at 10.) The Court addresses each argument below.

   *1.    Jury Instructions*

Defendant takes issue with the Court's bribery instructions, Instruction Nos. 21–23. To determine whether jury instructions are misleading or inadequate, the Court evaluates the instructions as a whole. *See United States v. Chang Da Liu*, 538 F.3d 1078, 1088 (9th Cir. 2008). The district court has "broad discretion to determine the specific language of jury instructions." *United States v. Hormick*, 964 F.2d 899, 908 (9th Cir. 1992).

Defendant's first argument is that the bribery instructions "completely failed to require the jury to identify the specific alleged official duty [Defendant] was induced to do . . . in exchange for specific thing [sic] of value." (Def.'s Renewed Mot. J. Acquittal at 6.) But the Court's bribery instruction correctly stated the elements of the bribery charges. (*Compare* 9th Cir. Model Jury Instrs. No. 10.3 *with* Jury Instrs., Instr. Nos. 21–23.) The instructions also defined "official duty" as an "official or formal responsibility or obligation imposed on the federal agent and falling within the federal agent's official job duties or function." (Jury Instrs., Instr. No. 26.) The Court finds nothing misleading or vague about these instructions, particularly given that the jury heard evidence as to what the official duties of an FBI agent entailed.

Defendant's second argument is that the Court should have "require[d] a Jury determination finding that the offense was 'completed' upon the 'moment of agreement.'" (Def.'s Renewed Mot. J. Acquittal at 6.) Such a definition is not part of the elements of the crime, and the Court is aware of no law requiring it (nor did Defendant provide any). *See* 9th Cir. Model Jury Instrs. No. 10.3.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

| Case No. | 2:20-cr-00224-RGK-1 | Date | November 15, 2022 |
|---|---|---|---|
| Title | *USA v. Babak Broumand* | | |

In sum, neither of Defendant's jury instruction challenges are sufficient grounds for a new trial.

    2.    <u>*The Court's Pre-Trial Rulings*</u>

Defendant also requests a new trial because, according to him, the outcome of trial mandates reconsideration of the following pre- and intra-trial rulings:

- Denial of Defendant's motion for a bill of particulars, ECF No. 83;
- Denial of Defendant's Motion to Dismiss Count 2 of the FSI, ECF No. 82;
- Exclusion of statements made by unavailable witness H.M. *See* ECF No. 220;
- The Court's refusal to incorporate Defendant's proposed jury instructions;
- Denial of Defendant's motions *in limine*, ECF No. 196;
- Exclusion of Defendant's intelligence reports and an exhibit showing the cash generated by Defendant's hair salon business, Love Bugs; and
- The Court's Classified Information Procedures Act ("CIPA") rulings.

Defendant argues that these rulings mandate a new trial because they "independently and collectively" had a "disproportionate impact on [Defendant]," such that he received an unfair trial. There is no doubt that "the cumulative effect of multiple errors may . . . prejudice a defendant." *United States v. Frederick*, 78 F.3d 1370, 1381 (9th Cir. 1996). However, Defendant presents no argument as to why any of the above rulings were in error. Rather, he merely notes that they had a deleterious effect on him at trial. Faced with no serious argument as to why its rulings erred, the Court finds no reason to order a new trial on these grounds.

    3.    <u>*Weight of the Evidence*</u>

Finally, Defendant argues that because the case was "susceptible to multiple interpretations" and "decided on a razor thin margin of error," and that the outcome "hinged entirely upon E.S.'s tainted credibility," the Court should reweigh the evidence and order a new trial. (Def.'s Renewed Mot. J. Acquittal at 10.) The Court sees no reason to do so. As discussed above, there is no question that E.S. had credibility issues. However, his testimony was corroborated by a significant amount of supporting evidence, including proofs of payment from E.S. to Defendant, text messages and phone calls between the two men, and testimony regarding Defendant's less-than-honest dealings with his FBI colleagues. The Court does not find that the "evidence preponderates sufficiently heavily against the verdict [such] that a serious miscarriage of justice may have occurred," and therefore denies Defendant's motion for new trial. *United States v. Kellington*, 217 F.3d 1084, 1095 (9th Cir. 2000).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

| Case No. | 2:20-cr-00224-RGK-1 | Date | November 15, 2022 |
|---|---|---|---|
| Title | *USA v. Babak Broumand* | | |

**C.     Reconsideration of Remand**

Finally, Defendant asks that the Court reconsider its post-verdict order remanding him to custody pending sentencing. He points to the fact that he never fled despite being on pre-trial release since April 30, 2020, and that he has substantial ties to the community. (Def.'s Mot. Reconsideration at 2, ECF No. 243.)  In support, he attaches 76 letters from family and acquaintances, some of whom are willing to sign as surety to any new release bond. (*See* Exhs. G–I ISO Def.'s Mot. Reconsideration, ECF Nos. 243-7–9.)

To be released on bond after a conviction and before sentencing, a defendant must demonstrate by clear and convincing evidence that he is not a flight risk. *See* 18 U.S.C. § 3143(a)(1). The Court finds that Defendant has not carried his burden. First and foremost, Defendant has now been convicted, giving him more incentive to flee than he had after his initial arrest but before trial. Second, the evidence at trial showed that Defendant is skilled at deception and concealment, and is well-versed in law enforcement tracking tactics. The evidence also established that he has access to monetary aid from foreign countries; he crossed international borders at least once in the last six years to access $18,000 that had been wired from Iran. Given Defendant's self-professed skill in deception and evasion, and his ability to obtain money should he flee, the Court cannot find that Defendant has provided clear and convincing evidence that he is not a flight risk. Accordingly, the Court denies his request for reconsideration of the remand order.

**V.     CONCLUSION**

For the foregoing reasons, the Court **DENIES** Defendants' Motions.

**IT IS SO ORDERED.**

|  | Initials of Preparer | JRE/a |
|---|---|---|