E. MARTIN ESTRADA
United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
MICHAEL J. MORSE (Cal. Bar No. 291763)
JUAN M. RODRIGUEZ (Cal. Bar No. 313284)
Assistant United States Attorneys
General Crimes Section
    1200 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-7367/0304
    Facsimile: (213) 894-7631
    E-mail:   michael.morse@usdoj.gov
             juan.rodriguez@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 21-51(A)-RGK |
|---|---|
| Plaintiff, | **GOVERNMENT'S MOTION TO CORRECT SENTENCING ERROR PURSUANT TO RULE 35 OF THE FEDERAL RULES OF CRIMINAL PROCEDURE** |
| v. | |
| FELIX CISNEROS, JR., | |
| Defendant. | |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys Michael J. Morse, and Juan M. Rodriguez, hereby files this motion to correct sentencing error, pursuant to Rule 35 of the Federal Rules of Criminal Procedure ("Rule 35").

This motion is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: December 5, 2022	Respectfully submitted,

	E. MARTIN ESTRADA
	United States Attorney

	SCOTT M. GARRINGER
	Assistant United States Attorney
	Chief, Criminal Division


	         /s/
	MICHAEL J. MORSE
	JUAN M. RODRIGUEZ
	Assistant United States Attorneys

	Attorneys for Plaintiff
	UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION AND FACTUAL BACKGROUND**

After a five-day trial, a federal jury found Defendant FELIX CISNEROS, JR. ("defendant") guilty of Conspiracy to Commit Bribery of a Public Official, in violation of 18 U.S.C. § 371; Bribery of a Public Official, in violation of 18 U.S.C. § 201(b)(2)(A) and (C); twenty-six counts of Money Laundering, in violation of 18 U.S.C. § 1956(a)(1)(B)(i); and two counts of Subscribing to a False Tax Return, in violation of in violation of 26 U.S.C. § 7206(1).

On November 21, 2022, this Court sentenced defendant to 121 months' imprisonment.  The Court explained that the 121 months consisted of 85 months on the Conspiracy to Commit Bribery of a Public Official charge (18 U.S.C. § 371); 121 months on the Bribery of a Public Official charge (18 U.S.C. § 201(b)(2)(A)); 121 months on each of the Money Laundering charges (18 U.S.C. § 1956(a)(1)(B)(i)); and 36 months on each of the Subscribing to a False Tax Return charges (26 U.S.C. § 7206(1)), all to be served concurrently.  This computation is reflected in the filed Judgment and Commitment Order. (Dkts. 140, 141.)

However, the statutory maximum sentence for the conspiracy count (count one) is 60 months' imprisonment.  See 18 U.S.C. § 371.  Thus, the 85-month sentence imposed for the Conspiracy to Commit Bribery of a Public Official count is outside the statutory maximum sentence permitted.

**II.   DEFENDANT'S SENTENCE SHOULD BE MODIFIED DUE TO CLEAR ERROR**

A court generally may not correct or modify a sentence of imprisonment once it has been imposed.  18 U.S.C. § 3582(c); see also United States v. Aguilar-Reyes, 653 F.3d 1053,1055.  A court may

modify such a sentence only "to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure." 18 U.S.C. § 3582(c)(1)(B). Federal Rule of Criminal Procedure 35(a) states: "Within 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error."

Here, defendant's sentence on count one of 85 months' imprisonment is "clear error" that requires modification under Rule 35. Defendant was sentenced to 85 months' imprisonment on count one, Conspiracy to Commit Bribery of a Public Official (18 U.S.C. § 371), but the statutory maximum penalty for count one is 60 months' imprisonment. While this modification would not impact the ultimate length of the sentence imposed, because defendant was sentenced to a length of imprisonment on count one that exceeds the statutory maximum sentence for count one, his sentence should be modified, since it was "clear error" under Rule 35.

**III. CONCLUSION**

For the foregoing reasons, the government respectfully requests that the Court modify defendant's sentence on count one to a term of imprisonment within the 60 months' imprisonment statutory maximum penalty of Conspiracy to Commit Bribery of a Public Official, 18 U.S.C. § 371.