STEVEN F. GRUEL (SBN213148)
315 Montgomery Street, 10th Floor
San Francisco, CA 94104
Phone: 415-533-6973
Email: attystevengruel@sbcglobal.net

Attorney for BABAK BROUMAND

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| THE UNITED STATES OF AMERICA, | ) | Case Number: CR-20-224-RGK |
|---|---|---|
| Plaintiff, | ) | |
| | ) | **DEFENDANT BABAK BROUMAND'S OPPOSITION TO AND REQUEST FOR HEARING REGARDING THE GOVERNMENT'S APPLICATION FOR JUDGEMENT OF FORFEITURE** |
| v. | ) | |
| BABAK BROUMAND, | ) | **HONORABLE R. GARY KLAUSNER** |
| Defendant. | ) | **Hearing Date: To Be Set** |
| _____ | ) | |

Defendant, Babak Broumand, by and through his attorney, Steven F. Gruel, hereby respectfully submits this DEFENDANT BABAK BROUMAND'S OPPOSITION TO AND

REQUEST FOR HEARING REGARDING GOVERNMENT'S APPLICATION FOR JUDGEMENT OF FORFEITURE.

## OPPOSITION TO THE GOVERNMENT'S FORFEITURE REQUEST

On December 16, 2022, the government filed a new forfeiture application. Disappointed with the Jury's decision denying the government's two forfeiture allegations, the prosecution completely pivots from the wording of the requisite notice described in the First Superseding Indictment's (FSI) two forfeiture allegations and, instead, now attempts to salvage a money judgment for its claimed forfeiture. (Dkt. #49). Mr. Broumand opposes the government's inappropriate and belated attempt on procedural and substantive grounds.

### A. The Jury Denied the Forfeiture the Government Requested

As his right under the Rule, Mr. Broumand requested that the Jury decide the issue of forfeiture. (Dkt. # 199). The government's requested Jury instructions and verdict form, however, did not then include any determinations regarding forfeiture beyond the Tahoe property. (Dkt. ## 221, 223). The government failed to include in its proposed instructions or special verdict the specific property as the sources for the personal money judgment it now asks the Court to order Mr. Broumand pay.

Indeed, under Rule 32.2(b)(5), Mr. Broumand requested:

"(A) Retaining the Jury. In any case tried before a jury, if the indictment or information states that the government is seeking forfeiture, the court must determine before the jury begins deliberating whether either party requests that the jury be retained to determine the forfeitability of specific property if it returns a guilty verdict.

"(B) Special Verdict Form. If a party timely requests to have the jury determine forfeiture, the government must submit a proposed Special Verdict Form listing each property subject to forfeiture and asking the jury to determine whether the government has established the requisite nexus between the property and the offense committed by the defendant."

Notwithstanding Mr. Broumand's filed notice, at no time until now, did the government identify the new specific properties - - the alleged cash bribes, the value of the Ducati motorcycle or the loan in 2015 of $30,000 as the specific grounds for the Jury' determination regarding the forfeiture allegations.   Therefore, the government expressly waived the forfeiture it now belatedly, as an afterthought, improperly seeks.  This new government's request for forfeiture should be denied.

  A. <u>Serial Liar E.S. Is the Only "Evidence" of Alleged Cash Bribes</u>

Beyond the words of the government's convicted liar, there is no evidence that Mr. Broumand received any cash from E.S.  In fact, the uncontested testimony of defense expert witness Rich Carl established that Love Bugs was a business that generated anywhere from 5 to 10 percent cash revenue of annual portion of its gross receipts. This fact was derived from the FBI interviews of several Love Bug employees (employee interviews that the prosecution conveniently excluded from trial) who described the ready flow of cash at Love Bugs.  Mr. Carl testified that this was cash readily available for Mr. Broumand's use.  In fact, the government's claim that $25,000 of cash bribes was used to purchase Tahoe was later flatly rejected by the Jury.

 Mr. Broumand also testified that he never received any cash from E.S.  This was fully corroborated from the prosecution's own detailed trial charts showing that Mr. Broumand's visits to Los Angeles and the relevant bank deposits completely failed to connect in the manner as the government purported in its theory of the case.  In short, it is fiction grounded in conjecture to find that any cash was ever given by E.S. to Mr. Broumand.

  B. <u>The Jury Made No Finding Regarding Alleged Cash Bribes</u>

There is absolutely no indication that the Jury found that any cash was paid by E.S. to Mr. Broumand.  The verdict form for Count 1 (the conspiracy count) is completely devoid of a precise finding that cash was given as the overt act supporting the verdict.  In fact, the verdict form is completely devoid as to Count 1 regarding any overt acts and again leaves to mere guesswork

1  which overt act(s) was eventually agreed upon by the Jury.

C. <u>Mr. Broumand's Request For Hearing</u>

If the Court does not deny the government's application as contest herein, Mr. Broumand, in accordance with Rule 32.2(b)(1)(B), requests that the Court conduct a hearing regarding this matter.

Respectfully submitted,

Dated: December 21, 2022

By: */s/ Steven F. Gruel*
STEVEN F. GRUEL, ESQ.
Attorney for BABAK BROUMAND