E. MARTIN ESTRADA
United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
JONATHAN GALATZAN
Assistant United States Attorney
Chief, Asset Forfeiture & Recovery Section
MICHAEL J. MORSE (Cal. Bar No. 291763)
JUAN M. RODRIGUEZ (Cal. Bar No. 313284)
Assistant United States Attorneys
General Crimes Section
TARA B. VAVERE (Cal. Bar. No. 279470)
Assistant United States Attorney
Asset Forfeiture & Recovery Section
    1400 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-5901
    Facsimile: (213) 894-0142
    E-mail:    Tara.Vavere@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>        v.<br><br>BABAK BROUMAND,<br><br>        Defendant. | No. 2:20-cr-00224-RGK-1<br><br>GOVERNMENT'S REPLY TO DEFENDANT BABAK BROUMAND'S OPPOSITION TO AND REQUEST FOR HEARING REGARDING THE GOVERNMENT'S APPLICATION FOR JUDGEMENT OF FORFEITURE |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California, and Assistant United States Attorneys Michael J. Morse, Juan M. Rodriguez, and Tara B. Vavere respectfully submits this Reply in Support of its Application for Entry of a Money Judgment of Forfeiture against defendant Babak Broumand in the amount of $137,859.64.

Dated: December 27, 2022         Respectfully submitted,

E. MARTIN ESTRADA
United States Attorney

SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division

JONATHAN GALATZAN
Assistant United States Attorney
Chief, Asset Forfeiture & Recovery Section

MICHAEL J. MORSE
JUAN M. RODRIGUEZ
Assistant United States Attorneys
General Crimes Section

           /s/
TARA B. VAVERE
Assistant United States Attorney
Asset Forfeiture & Recovery Section

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.  INTRODUCTION**

After an eleven-day trial, the jury returned its verdict finding defendant Babak Broumand ("defendant") guilty of four of the six counts charged in the First Superseding Indictment ("FSI"), three of which supported forfeiture of the proceeds of defendant's conduct and one of which supported forfeiture of any property involved in or traceable to defendant's conduct.

Immediately after the jury returned its verdict, an ancillary forfeiture proceeding was held as to the specific real property particularly described in the FSI, located in Homewood California (the "Homewood real property").  The jury determined that the Homewood real property was not subject to forfeiture as specific property that represented proceeds of the defendant's conduct or as property involved in defendant's conduct.  See Dkt. 238.

On December 16, 2022, the government submitted its Application for Entry of a Money Judgment of Forfeiture (the "Application").  Dkt. 262.  On December 21, 2022, defendant filed his Opposition to and Request for Hearing Regarding the Government's Application for Judgment of Forfeiture (the "Opposition").  Dkt. 265.  None of the arguments raised by defendant in his Opposition are persuasive.  The defendant's Opposition fails to recognize that forfeiture money judgments and forfeiture orders of specific property (i.e., the Homewood real property) are subject to different procedural requirements.  Because of the reasons set forth below, the Court should enter the proposed money judgment of forfeiture as part of defendant's sentence.

## II. THE NOTICE OF FORFEITURE CONTAINED IN THE FSI IS ADEQUATE

As a preliminary matter, the government notes that defendant's initial suggestion that the government's Application seeks relief beyond the allegations of the FSI are wide-of-the-mark. The forfeiture allegations in the FSI complied with any notice requirements to advise defendant that the government would seek a money judgment of forfeiture in this case. Defendant's suggestion to the contrary is meritless.

Defendant was convicted of Counts One, Two, Three and Five of the FSI. Forfeiture Allegation One in the FSI states that the defendant, if convicted on any of Counts One through Four shall forfeit "all right, title, and interest in any and all property, real or personal, constituting, or derived from, any proceeds traceable to any of the offenses <u>including but not limited to</u>" the Homewood real property. <u>See</u> Dkt. No 49, 17-18 (emphasis added). Forfeiture Allegation Two states that the defendant, if convicted of either of Counts Five or Six shall forfeit "any property, real or personal, involved in such offense, and any property traceable to such property <u>including but not limited to</u>" the Homewood real property (emphasis added). <u>Id.</u> at 18-20.

In <u>United States v. Lo</u>, the Ninth Circuit held that the additional information in the forfeiture allegation that the property the defendant would forfeit <u>included, but was not limited to</u>, specific property "did not cause the notice to be insufficient for purposes of 28 U.S.C. § 2461 or Rule 32.2(a)." 839 F.3d 777, 791 (9th Cir. 2016) (emphasis added). "The government is not legally required to notify a defendant that it is seeking a money judgment." <u>Id.</u>

2

Similarly, Federal Rule of Criminal Procedure 32.2(a) states the "indictment or information need not identify the property subject to forfeiture or specify the amount of any forfeiture money judgment that the government seeks." Therefore, the government's forfeiture notice was adequate and its Application is appropriate.

## III. THERE ARE DIFFERENT PROCEDURAL REQUIREMENTS FOR FOFEITURE JUDGMENTS AS TO SPECIFIC PROPERTY AND PERSONAL MONEY JUDGMENTS OF FORFEITURE

Defendant argues that because the jury made a forfeiture determination as to the specific real property (the Homewood real property) identified in the forfeiture allegations of the FSI and the government did not present the forfeiture money judgment issue to the jury, the government's application should be denied. Notably, defendant cites no authority for his position but instead refers only to Federal Rule of Criminal Procedure 32.2(b)(5)(A). However, that statute itself shows the folly of defendant's claim, as the statute explicitly permits a party to request, as defendant did in this case, that the jury be retained to determine the forfeitability of "specific property" such as the Homewood real property.

But Fed. R. Crim. P. 32.2(b)(5)(A) does not permit a party to request that a jury be retained to decide the amount of a money judgment of forfeiture. The Advisory Committee Notes to Federal Rule of Criminal Procedure 32.2 clarify that subdivision (b)(1) of the statute recognizes that there are different kinds of forfeiture judgments in criminal cases. One type is a personal judgment for a sum of money; another is a judgment forfeiting a specific asset. Advisory Committee Notes to Rule 32.2, subdivision (b) (2000 Adoption).

3

These different kinds of forfeiture are subject to different procedural requirements. As the Ninth Circuit explained in United States v. Phillips, "Federal Rule of Criminal Procedure 32.2(b)(5)(A) states that a special jury verdict is available if the government is seeking forfeiture of specific property; in that circumstance, the district court must determine whether either party wants the jury to determine the forfeitability of specific property[.]" 704 F.3d 754, 771 (9th Cir. 2012). The Ninth Circuit then stated "[b]ut this subsection does not apply to the monetary forfeiture [i.e., the personal money judgment of forfeiture] sought by the Government in this case. With respect to monetary forfeitures, Federal Rule of Criminal Procedure 32 does not permit the district court to do anything other than 'determine the amount of money that the defendant will be ordered to pay,' in an amount determined by statute." Phillips, 704 F.3d at 771 (citations omitted).

Therefore, where the government is seeking forfeiture of specific property, i.e., the Homewood real property, either the jury or the court must determine whether the government has established the requisite nexus between the specific property and the offense to warrant entry of a forfeiture judgment against the specific property. By contrast, where the government seeks a personal money judgment of forfeiture, as it does with the instant Application, the Court (and not a jury) decides the amount the defendant will be ordered to pay. See Fed. R. Crim. P. 32.2(b)(1)(A) ("If the government seeks a personal money judgment of forfeiture, the court must determine the amount of money that the defendant will be ordered to pay").

The government's burden in seeking a money judgment is to establish, by a preponderance of the evidence, a dollar amount

4

corresponding to the proceeds of the offense for which defendant was convicted. See Lo, 839 F.3d at 794 ("the government established the amount of proceeds subject to forfeiture and sought a money judgment, and so need only prove that the dollar amount constitutes the proceeds of the . . . offenses"). The government's Application explains in detail the applicable forfeiture statutes and relevant conduct for each count of conviction,[1] establishing the dollar amount that constitutes proceeds of defendant's illegal conduct.

**IV.  THE AMOUNT OF THE MONEY JUDGMENT IS APPROPRIATE**

In his Opposition, defendant argues that the evidence the government relies upon in calculating the amount of the money judgment of forfeiture is insufficient. The government need only prove by a preponderance of the evidence, a dollar amount corresponding to the proceeds of the offenses for which defendant was convicted.

In its Application, the government refers only to evidence admitted at trial, including the testimony of E.S., which the jury relied on in finding defendant guilty beyond a reasonable doubt, a much more stringent standard. See Dkt. 262 at 3-5.

---

[1] As explained in the government's Application, the forfeiture statutes applicable to defendant's counts of conviction, 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) (Counts One through Three) and 18 U.S.C. § 982(a)(1) (Count Five) require that the district court "shall order" forfeiture. "The mandatory nature of that phrase is clear: When the government has met the requirements for criminal forfeiture, the district court must impose criminal forfeiture, subject only to statutory and constitutional limits." United States v. Newman, 659 F.3d 1235, 1240 (9th Cir. 2011). See also, United States v. Casey, 444 F.3d 1071, 1076 (9th Cir.2006).

5

## V. AN EVIDENTIARY HEARING IS UNNECESSARY

Lastly, defendant requests that the Court hold a hearing pursuant to Federal Rule of Criminal Procedure 32.2(b)(1)(B). However, in regard to a money judgment of forfeiture, subsection 32.2(b)(1)(B) does not apply. Pursuant to subsection 32.2(C)(1), where the forfeiture consists of a money judgment, no ancillary proceeding is required.

Furthermore, a defendant's right to a hearing pursuant to Federal Rule of Criminal Procedure 32.2(b)(1)(B) is not license to relitigate evidence already admitted into the record. In United States v. Harris, the Ninth Circuit held that a defendant may not use a hearing on a potential money judgment of forfeiture as an opportunity for a second chance at challenging evidence already admitted at trial. See 842 F. App'x 28, 32 (9th Cir. 2020) ("The district court held that expert testimony was unnecessary because the government's forfeiture calculations rested on the trial evidence, not extrapolation or sampling, and that Harris sought to challenge the trial evidence improperly. . . . Thus, the district court did not abuse its discretion by refusing to hold an evidentiary hearing on forfeiture."). Here, the government relies on evidence already entered into the record at trial, and thus, like in Harris, an evidentiary hearing is neither necessary nor appropriate.

///

6

**VI. CONCLUSION**

For the foregoing reasons, the government respectfully requests that the Court grant the government's Application and requests that the Court enter the Proposed Money Judgment lodged contemporaneously with the Application.

Dated: December 27, 2022         Respectfully submitted,

E. MARTIN ESTRADA
United States Attorney

SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division

JONATHAN GALATZAN
Assistant United States Attorney
Chief, Asset Forfeiture & Recovery Section

MICHAEL J. MORSE
JUAN M. RODRIGUEZ
Assistant United States Attorneys
General Crimes Section

       /s/
_____
TARA B. VAVERE
Assistant United States Attorney
Asset Forfeiture & Recovery Section

Attorneys for Plaintiff
UNITED STATES OF AMERICA